

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/21/2014

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 13-36251 |
| HELIA TEC RESOURCES, INC. | § | CHAPTER 11 |
| | § | |
| Debtor(s). | § | DAVID R. JONES |

## ORDER
(Docket Nos. 26, 43, 47, 94)

Before the Court for consideration is "Party In Interest HSC Holdings Co., Ltd.'s ("HSC") Amended Motion to Convert Pursuant to 11 U.S.C. § 1112(b), and Alternative Request for Appointment of Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)." [Docket No. 47]. After reviewing the pleadings, the evidence presented and the arguments of counsel, the Court finds that the motion should be denied as set forth below.

### Relevant Background

The Debtor filed a chapter 11 petition on October 3, 2013 [Docket No. 1]. The petition is signed under penalty of perjury by Cary Hughes as president [Docket No. 1]. Mr. Hughes specifically represents that he is authorized to file the petition on the Debtor's behalf [Docket No. 1].

Based on the Debtor's schedules, the bankruptcy estate's primary assets consist of a "1.20% IPI Percentage, Sponsor and Operator InterOil Corporation (NYSE: IOC)" ("IPI Percentage") and a $9,155,724.00 receivable from Pacific LNG Operations, Ltd. ("PIA Deposit"). [Docket No. 1, Schedule B]. The Debtor's claims to these assets are contested and subject to pending litigation with HSC.

On December 30, 2013, HSC filed its "Party in Interest HSC Holdings Co., Ltd.'s Motion to Convert or Alternatively, to Dismiss, Pursuant to 11 U.S.C. § 1112(b)." [Docket No. 26]. In the motion, HSC alleges that Cary Hughes and Timothy Gallagher did not have authority to authorize the filing of this bankruptcy case. HSC further alleges that "[t]his bankruptcy proceeding has been filed in bad faith and for an improper purpose by a rogue ex-officer of Debtor's, without true authority from Debtor." [Docket No. 26]. HSC requested that the case either be converted to a chapter 7 case or dismissed. [Docket No. 26]

On January 7, 2014, the Court scheduled a hearing for January 30, 2014 at 2:00 p.m. (Houston time) to consider the motion. [Unnumbered Docket Entry before Docket No. 27].

The Debtor filed its response on January 20, 2014 denying that any basis existed to convert the case to chapter 7 or to dismiss the case. [Docket No. 33].

The Court commenced the hearing on HSC's motion on January 30, 2014 [Docket No. 39]. During opening argument, HSC asserted the bankruptcy case was filed in bad faith as it was filed (i) without authority [Transcript, 1/30/14, p. 21]; (ii) just prior to a trial date in a pending civil case to which the Debtor was not a party [Transcript, 1/30/14, p. 11-12]; (iii) to stop HSC's shareholder derivative lawsuit against Mr. Hughes and Mr. Gallagher [Transcript, 1/30/14, p. 15]; and (iv) by an entity with no assets and without any hope of reorganization [Transcript, 1/30/14, p. 15]. After hearing the testimony of Mr. Hughes, the Court continued the hearing to February 4, 2014 [Docket No. 39].

On February 3, 2014, HSC filed its "Party In Interest HSC Holdings Co., Ltd.'s Supplement to its Motion to Convert Pursuant to 11 U.S.C. § 1112(b), and Alternative Request for Appointment of Chapter 11 Trustee Pursuant to 11 U.S.C. §§ 1112(b)(1) and 1104(a) [Docket No. 43]. HSC did not seek nor did it obtain leave to file this pleading. In the pleading, HSC withdrew its request that the case be dismissed. Although HSC attempted to preserve the issue regarding Mr. Hughes' authority to act on behalf of the Debtor, the withdrawal of the request to dismiss the case due to a lack of authority constitutes an admission that the case was properly filed.

The Court continued the hearing on February 4, 2014 [Docket No. 45]. During the hearing, HSC requested a continuance and the opportunity to amend its pleadings [Docket No. 45]. The Court continued the hearing to March 12, 2014 at 9:00 and set February 14, 2014 as the deadline for HSC to amend its pleadings [Docket No. 45].

On February 14, 2014, HSC filed its "Party in Interest HSC Holdings Co., Ltd.'s Amended Motion to Convert Pursuant to 11 U.S.C. §1112(b), and Alternative Request for Appointment of Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)" [Docket No. 47]. With respect to the validity of the instant case, HSC stated as follows:

> On October 3, 2013, a voluntary petition was filed on Debtor's behalf, signed by Cary E. Hughes ("Hughes"), alleged President of HTR. Without stipulating to the authority of Hughes to act on behalf of HTR, and without waiving rights to challenge at a later date or in other proceedings Hughes' authority to act on behalf of HTR, and without acknowledging the truth of any statement set forth in any schedule attached to the Petition, GE&F consents to the filing of this bankruptcy proceeding and relief under the United States Bankruptcy Code [Docket No. 47].

With respect to the requested relief, HSC states that:

> [C]ause exists for converting this bankruptcy to a Chapter 7 proceeding, because there are substantial and material conflicts of interest inherent in this Chapter 11 proceeding; there are no ongoing business operations that would suggest any need for reorganization; and there are no funds generated from ongoing operations to pay a Chapter 11 trustee. Alternatively, cause exists for appointing a Chapter 11 trustee because, along with conflicts of interest of Debtor's purported management, there is evidence of dishonesty, fraud, breach of fiduciary duties, self-dealing, and gross mismanagement of Debtor's affairs by Debtor's purported management [Docket No. 47].

The balance of the pleading reveals the details of ongoing contractual and litigation disputes between Messrs. Hughes and Gallagher and HSC [Docket No. 47].

On February 18, 2014, HSC filed a "Notice of Equity Security Interest" asserting that it is the sole owner of the Debtor [Docket No. 48]. The Debtor responded on March 4, 2014 by filing a pleading asserting that (i) HSC's notice is fraudulent; and (ii) HSC owns no interest in the Debtor [Docket No. 56]. Attached to the Debtor's response are a number of documents which the Debtor alleges support its allegations [Docket No. 56].

On February 26, 2014, HSC filed its "Supplemental Exhibit to Party in Interest HSC Holdings Co., Ltd.'s Amended Motion to Convert Pursuant to 11 U.S.C. §1112(b), and Alternative Request for Appointment of Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)" [Docket No. 52]. The attachment to Docket No. 52 contains a purported resolution by HSC's version of the Debtor's board seeking to ratify the bankruptcy filing but not Mr. Hughes' authority to file the bankruptcy case. This filing raises more questions than it answers.

On March 3, 2015, HSC issued a number of trial subpoenas both for testimony and documents [Docket No. 55]. The Court subsequently quashed (i) those portions of the subpoenas that requested the production of documents as the production date would occur after the deadline for the parties to submit final witness and exhibit lists [Docket Nos. 60, 61]; and (ii) a third party subpoena issued to Katherine Johnson in its entirety [Docket No. 64].

On March 12, 2014, the Court proceeded with the evidentiary hearing on HSC's motion. At the conclusion of the day, the hearing was continued to April 16, 2014 at 9:00 a.m.

On March 17, 2014, HSC served the Debtor with a "Notice of Intention to Take Deposition by Written Questions" accompanied by a document subpoena seeking the production of some 26 categories of documents [See Docket No. 74]. The Court granted the Debtor's motion for protection by order entered April 15, 2014 [Docket No. 78].

On April 15, 2014, HSC filed its "Party in Interest HSC Holdings Co., Ltd.'s Supplemental Brief in Support of Amended Motion to Convert Pursuant to 11 U.S.C. §1112(b), and Alternative Request for Appointment of Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)" [Docket No. 77]. HSC also filed its notice of additional trial subpoenas seeking both testimony and documents [Docket No. 79].

The Court proceeded with the continued hearing on April 16, 2014 [Docket No. 82]. At the conclusion of the day, the Court denied the Debtor's motion for judgment on partial findings under Rule 52(c) and continued the hearing to May 5, 2014 at 1:30 p.m. [Docket No. 82]. The hearing was subsequently rescheduled for 2:30 p.m.

On May 2, 2104, the Debtor filed a proposed plan and disclosure statement [Docket Nos. 89 and 90].

The Court reconvened the hearing on HSC's motion on May 5, 2014. At the conclusion of the day, the Court continued the hearing to May 16, 2014 at 9:00 [Docket No. 92].

On May 14, 2014, HSC filed its "Party in Interest HSC Holdings Co., Ltd.'s Evidentiary Analysis and Brief in Support of its Amended Motion to Convert Pursuant to 11 U.S.C. §1112(b),

and Alternative Request for Appointment of Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a) [Docket No. 93].

On May 15, 2014, a joinder to HSC's motion was filed by Centerpoint Energy Field Services, Inc. ("Centerpoint"). Centerpoint did not participate or otherwise appear in these proceedings. The Court notes that the document was filed by HSC's counsel.

On May 16, 2014, the parties completed their evidentiary presentations and provided closing argument. The Court then set a briefing schedule for any post-trial briefs.

The Debtor submitted its brief on May 30, 2014 [Docket No. 95]. HSC filed a responsive document on June 19, 2014 [Docket No. 103]

The Debtor filed its proposed first amended chapter 11 plan on June 19, 2014 [Docket No. 102] and a proposed first amended disclosure statement on July 15, 2014 [Docket No. 104].

## Analysis

The Court has jurisdiction over this contested matter pursuant to 11 U.S.C. § 1334. This contested matter is a core proceeding arising under title 11 pursuant to 28 U.S.C. § 157(b)(2). The Court has constitutional authority to enter a final order in this matter under the Supreme Court's holding in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

## Conversion to Chapter 7

"[O]n request of a party in interest, and after notice and hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). The court should not convert or dismiss the case if (i) the court finds the existence of unusual circumstances which establish that dismissal or conversion are not in the best interest of creditors and the estate; (ii) there is a reasonable likelihood that a plan can be confirmed within a reasonable time; and (iii) the debtor provides a legitimate explanation for the basis of the request to convert or dismiss and a plan for curing the deficiencies. 11 U.S.C. § 1112(b)(2).

The Court finds a lack of sufficient cause to convert this case to chapter 7. The Court has examined each of the five areas identified by HSC in its brief [Docket No. 93] as sufficient "cause" to convert the cause. After examining the voluminous record in the proceeding, the Court concludes that HSC's request to convert this case to a chapter 7 is driven by a litigation tactic that would favor HSC, not what would serve the bests interests of <u>all</u> creditors and the bankruptcy estate. Moreover, the Court concludes that much of the "cause" asserted by HSC is simply one side of the overwhelming non-substantive bickering that has pervaded this case. Finally, while certainly not perfect, the Debtor's proposed plan has a real possibility of being confirmed within a reasonable time period. HSC has failed to meet the required standard. To the extent that HSC has met the standard, the Court finds that HSC's motivation and litigation strategy present in this case constitute unusual circumstances that establish that conversion is not in the best interest of creditors and the bankruptcy estate.

4 / 5

**Appointment of a Chapter 11 Trustee**

"At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee . . . for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after commencement of the case, or similar cause . . . if such appointment is in the interests of creditors, any equity security holders and other interests of the estate . . . ."  11 U.S.C. § 1104(a).

At first blush, the appointment of a chapter 11 trustee in this case is an attractive option. The Court questions Mr. Gallagher's competence to perform any meaningful task in this chapter 11 case.  Mr. Hughes, while extremely intelligent, does not engender the trustworthiness that this Court prefers be exhibited by managers of entities in chapter 11.  His tenacity and "street smarts" may, however, be exactly what the Debtor needs to fully pursue its litigation assets to their fullest extent.  To remove management in any case is a serious action with unknown consequences.  At this point, the Court will not defer to its general misgivings; rather, it will objectively apply the statutory test set forth by Congress.  The Court finds that HSC has failed to establish sufficient cause for the appointment of a chapter 11 trustee.  Further, under the circumstances present in this case and as pointed out by HSC, the Court concludes that the administrative burden of a chapter 11 trustee is too great for this case.  Accordingly, it is

**ORDERED THAT**:

1. HSC's motion to convert this case to chapter 7 is denied without prejudice.

2. HSC's motion to appoint a chapter 11 trustee is denied without prejudice.

3. In its last pleading, HSC requested the appointment of an examiner.  No evidence was adduced to support such a request nor did the Debtor receive due process with respect to such a request.  The request for the appointment of an examiner is therefore denied without prejudice.

4. All other relief is denied.

5. The Court will schedule a hearing to consider the Debtor's proposed disclosure statement by separate order.  The Debtor is advised to "put its best foot forward."  The failure to diligently pursue confirmation of a legitimate plan will result in further *sua sponte* action by this Court.

**SIGNED: July 18, 2014.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE