

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/21/2014

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 13-36251 |
| HELIA TEC RESOURCES, INC. | § | CHAPTER 11 |
| | § | |
| Debtor(s). | § | DAVID R. JONES |

## ORDER
**(Docket Nos. 26, 43, 47, 94)**

Before the Court for consideration is "Party In Interest HSC Holdings Co., Ltd.'s ("HSC") Amended Motion to Convert Pursuant to 11 U.S.C. § 1112(b), and Alternative Request for Appointment of Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)." [Docket No. 47]. After reviewing the pleadings, the evidence presented and the arguments of counsel, the Court finds that the motion should be denied as set forth below.

### Relevant Background

The Debtor filed a chapter 11 petition on October 3, 2013 [Docket No. 1]. The petition is signed under penalty of perjury by Cary Hughes as president [Docket No. 1]. Mr. Hughes specifically represents that he is authorized to file the petition on the Debtor's behalf [Docket No. 1].

Based on the Debtor's schedules, the bankruptcy estate's primary assets consist of a "1.20% IPI Percentage, Sponsor and Operator InterOil Corporation (NYSE: IOC)" ("IPI Percentage") and a $9,155,724.00 receivable from Pacific LNG Operations, Ltd. ("PIA Deposit"). [Docket No. 1, Schedule B]. The Debtor's claims to these assets are contested and subject to pending litigation with HSC.

On December 30, 2013, HSC filed its "Party in Interest HSC Holdings Co., Ltd.'s Motion to Convert or Alternatively, to Dismiss, Pursuant to 11 U.S.C. § 1112(b)." [Docket No. 26]. In the motion, HSC alleges that Cary Hughes and Timothy Gallagher did not have authority to authorize the filing of this bankruptcy case. HSC further alleges that "[t]his bankruptcy proceeding has been filed in bad faith and for an improper purpose by a rogue ex-officer of Debtor's, without true authority from Debtor." [Docket No. 26]. HSC requested that the case either be converted to a chapter 7 case or dismissed. [Docket No. 26]

On January 7, 2014, the Court scheduled a hearing for January 30, 2014 at 2:00 p.m. (Houston time) to consider the motion. [Unnumbered Docket Entry before Docket No. 27].

The Debtor filed its response on January 20, 2014 denying that any basis existed to convert the case to chapter 7 or to dismiss the case. [Docket No. 33].

The Court commenced the hearing on HSC's motion on January 30, 2014 [Docket No. 39]. During opening argument, HSC asserted the bankruptcy case was filed in bad faith as it was filed (i) without authority [Transcript, 1/30/14, p. 21]; (ii) just prior to a trial date in a pending civil case to which the Debtor was not a party [Transcript, 1/30/14, p. 11-12]; (iii) to stop HSC's shareholder derivative lawsuit against Mr. Hughes and Mr. Gallagher [Transcript, 1/30/14, p. 15]; and (iv) by an entity with no assets and without any hope of reorganization [Transcript, 1/30/14, p. 15]. After hearing the testimony of Mr. Hughes, the Court continued the hearing to February 4, 2014 [Docket No. 39].

On February 3, 2014, HSC filed its "Party In Interest HSC Holdings Co., Ltd.'s Supplement to its Motion to Convert Pursuant to 11 U.S.C. § 1112(b), and Alternative Request for Appointment of Chapter 11 Trustee Pursuant to 11 U.S.C. §§ 1112(b)(1) and 1104(a) [Docket No. 43]. HSC did not seek nor did it obtain leave to file this pleading. In the pleading, HSC withdrew its request that the case be dismissed. Although HSC attempted to preserve the issue regarding Mr. Hughes' authority to act on behalf of the Debtor, the withdrawal of the request to dismiss the case due to a lack of authority constitutes an admission that the case was properly filed.

The Court continued the hearing on February 4, 2014 [Docket No. 45]. During the hearing, HSC requested a continuance and the opportunity to amend its pleadings [Docket No. 45]. The Court continued the hearing to March 12, 2014 at 9:00 and set February 14, 2014 as the deadline for HSC to amend its pleadings [Docket No. 45].

On February 14, 2014, HSC filed its "Party in Interest HSC Holdings Co., Ltd.'s Amended Motion to Convert Pursuant to 11 U.S.C. §1112(b), and Alternative Request for Appointment of Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)" [Docket No. 47]. With respect to the validity of the instant case, HSC stated as follows:

> On October 3, 2013, a voluntary petition was filed on Debtor's behalf, signed by Cary E. Hughes ("Hughes"), alleged President of HTR. Without stipulating to the authority of Hughes to act on behalf of HTR, and without waiving rights to challenge at a later date or in other proceedings Hughes' authority to act on behalf of HTR, and without acknowledging the truth of any statement set forth in any schedule attached to the Petition, GE&F consents to the filing of this bankruptcy proceeding and relief under the United States Bankruptcy Code [Docket No. 47].

With respect to the requested relief, HSC states that:

> [C]ause exists for converting this bankruptcy to a Chapter 7 proceeding, because there are substantial and material conflicts of interest inherent in this Chapter 11 proceeding; there are no ongoing business operations that would suggest any need for reorganization; and there are no funds generated from ongoing operations to pay a Chapter 11 trustee. Alternatively, cause exists for appointing a Chapter 11 trustee because, along with conflicts of interest of Debtor's purported management, there is evidence of dishonesty, fraud, breach of fiduciary duties, self-dealing, and gross mismanagement of Debtor's affairs by Debtor's purported management [Docket No. 47].

The balance of the pleading reveals the details of ongoing contractual and litigation disputes between Messrs. Hughes and Gallagher and HSC [Docket No. 47].

On February 18, 2014, HSC filed a "Notice of Equity Security Interest" asserting that it is the sole owner of the Debtor [Docket No. 48]. The Debtor responded on March 4, 2014 by filing a pleading asserting that (i) HSC's notice is fraudulent; and (ii) HSC owns no interest in the Debtor [Docket No. 56]. Attached to the Debtor's response are a number of documents which the Debtor alleges support its allegations [Docket No. 56].

On February 26, 2014, HSC filed its "Supplemental Exhibit to Party in Interest HSC Holdings Co., Ltd.'s Amended Motion to Convert Pursuant to 11 U.S.C. §1112(b), and Alternative Request for Appointment of Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)" [Docket No. 52]. The attachment to Docket No. 52 contains a purported resolution by HSC's version of the Debtor's board seeking to ratify the bankruptcy filing but not Mr. Hughes' authority to file the bankruptcy case. This filing raises more questions than it answers.

On March 3, 2015, HSC issued a number of trial subpoenas both for testimony and documents [Docket No. 55]. The Court subsequently quashed (i) those portions of the subpoenas that requested the production of documents as the production date would occur after the deadline for the parties to submit final witness and exhibit lists [Docket Nos. 60, 61]; and (ii) a third party subpoena issued to Katherine Johnson in its entirety [Docket No. 64].

On March 12, 2014, the Court proceeded with the evidentiary hearing on HSC's motion. At the conclusion of the day, the hearing was continued to April 16, 2014 at 9:00 a.m.

On March 17, 2014, HSC served the Debtor with a "Notice of Intention to Take Deposition by Written Questions" accompanied by a document subpoena seeking the production of some 26 categories of documents [See Docket No. 74]. The Court granted the Debtor's motion for protection by order entered April 15, 2014 [Docket No. 78].

On April 15, 2014, HSC filed its "Party in Interest HSC Holdings Co., Ltd.'s Supplemental Brief in Support of Amended Motion to Convert Pursuant to 11 U.S.C. §1112(b), and Alternative Request for Appointment of Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)" [Docket No. 77]. HSC also filed its notice of additional trial subpoenas seeking both testimony and documents [Docket No. 79].

The Court proceeded with the continued hearing on April 16, 2014 [Docket No. 82]. At the conclusion of the day, the Court denied the Debtor's motion for judgment on partial findings under Rule 52(c) and continued the hearing to May 5, 2014 at 1:30 p.m. [Docket No. 82]. The hearing was subsequently rescheduled for 2:30 p.m.

On May 2, 2104, the Debtor filed a proposed plan and disclosure statement [Docket Nos. 89 and 90].

The Court reconvened the hearing on HSC's motion on May 5, 2014. At the conclusion of the day, the Court continued the hearing to May 16, 2014 at 9:00 [Docket No. 92].

On May 14, 2014, HSC filed its "Party in Interest HSC Holdings Co., Ltd.'s Evidentiary Analysis and Brief in Support of its Amended Motion to Convert Pursuant to 11 U.S.C. §1112(b),

and Alternative Request for Appointment of Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a) [Docket No. 93].

On May 15, 2014, a joinder to HSC's motion was filed by Centerpoint Energy Field Services, Inc. ("Centerpoint"). Centerpoint did not participate or otherwise appear in these proceedings. The Court notes that the document was filed by HSC's counsel.

On May 16, 2014, the parties completed their evidentiary presentations and provided closing argument. The Court then set a briefing schedule for any post-trial briefs.

The Debtor submitted its brief on May 30, 2014 [Docket No. 95]. HSC filed a responsive document on June 19, 2014 [Docket No. 103]

The Debtor filed its proposed first amended chapter 11 plan on June 19, 2014 [Docket No. 102] and a proposed first amended disclosure statement on July 15, 2014 [Docket No. 104].

## Analysis

The Court has jurisdiction over this contested matter pursuant to 11 U.S.C. § 1334. This contested matter is a core proceeding arising under title 11 pursuant to 28 U.S.C. § 157(b)(2). The Court has constitutional authority to enter a final order in this matter under the Supreme Court's holding in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

### Conversion to Chapter 7

"[O]n request of a party in interest, and after notice and hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). The court should not convert or dismiss the case if (i) the court finds the existence of unusual circumstances which establish that dismissal or conversion are not in the best interest of creditors and the estate; (ii) there is a reasonable likelihood that a plan can be confirmed within a reasonable time; and (iii) the debtor provides a legitimate explanation for the basis of the request to convert or dismiss and a plan for curing the deficiencies. 11 U.S.C. § 1112(b)(2).

The Court finds a lack of sufficient cause to convert this case to chapter 7. The Court has examined each of the five areas identified by HSC in its brief [Docket No. 93] as sufficient "cause" to convert the cause. After examining the voluminous record in the proceeding, the Court concludes that HSC's request to convert this case to a chapter 7 is driven by a litigation tactic that would favor HSC, not what would serve the bests interests of <u>all</u> creditors and the bankruptcy estate. Moreover, the Court concludes that much of the "cause" asserted by HSC is simply one side of the overwhelming non-substantive bickering that has pervaded this case. Finally, while certainly not perfect, the Debtor's proposed plan has a real possibility of being confirmed within a reasonable time period. HSC has failed to meet the required standard. To the extent that HSC has met the standard, the Court finds that HSC's motivation and litigation strategy present in this case constitute unusual circumstances that establish that conversion is not in the best interest of creditors and the bankruptcy estate.

4 / 5

**Appointment of a Chapter 11 Trustee**

"At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee . . . for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after commencement of the case, or similar cause . . . if such appointment is in the interests of creditors, any equity security holders and other interests of the estate . . . ." 11 U.S.C. § 1104(a).

At first blush, the appointment of a chapter 11 trustee in this case is an attractive option. The Court questions Mr. Gallagher's competence to perform any meaningful task in this chapter 11 case. Mr. Hughes, while extremely intelligent, does not engender the trustworthiness that this Court prefers be exhibited by managers of entities in chapter 11. His tenacity and "street smarts" may, however, be exactly what the Debtor needs to fully pursue its litigation assets to their fullest extent. To remove management in any case is a serious action with unknown consequences. At this point, the Court will not defer to its general misgivings; rather, it will objectively apply the statutory test set forth by Congress. The Court finds that HSC has failed to establish sufficient cause for the appointment of a chapter 11 trustee. Further, under the circumstances present in this case and as pointed out by HSC, the Court concludes that the administrative burden of a chapter 11 trustee is too great for this case. Accordingly, it is

**ORDERED THAT**:

1. HSC's motion to convert this case to chapter 7 is denied without prejudice.

2. HSC's motion to appoint a chapter 11 trustee is denied without prejudice.

3. In its last pleading, HSC requested the appointment of an examiner. No evidence was adduced to support such a request nor did the Debtor receive due process with respect to such a request. The request for the appointment of an examiner is therefore denied without prejudice.

4. All other relief is denied.

5. The Court will schedule a hearing to consider the Debtor's proposed disclosure statement by separate order. The Debtor is advised to "put its best foot forward." The failure to diligently pursue confirmation of a legitimate plan will result in further *sua sponte* action by this Court.

**SIGNED: July 18, 2014.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

```
                            United States Bankruptcy Court
                              Southern District of Texas
In re:                                                                  Case No. 13-36251-drj
Helia Tec Resources, Inc.                                               Chapter 11
         Debtor                      CERTIFICATE OF NOTICE
District/off: 0541-4          User: dsta                  Page 1 of 2                  Date Rcvd: Jul 21, 2014
                              Form ID: pdf001             Total Noticed: 59


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 23, 2014.
db          +Helia Tec Resources, Inc.,    1770 St. James Place,    Suite 205,    Houston, TX 77056-3432
aty         +Richard L Fuqua,    5005 Riverway,    Suite 250,    Houston, TX 77056-2131
cr          +Basic Energy Services, L.P.,    c/o West Allen Law Firm, PC,    211 N. Center St.,
              Longview, TX 75601-7221
intp        +Mastodon Resources, LLC,    Suite 205,    1770 St. James Place,    Houston, TX 77056-3432
8618241     +3J Services,    434 Gentry Rd.,    Inez, TX 77968-3340
8618242     +Acadiana Fittings & Supply,    PO Box 724,    7971 FM 359 S,    Fulshear, TX 77441-0724
8618243     +Basic Energy Services, LP,    West Allen Law Firm,    211 N. Center St.,    Longview, TX 75601-7221
8618244     +Cary E. Hughes,    3230 Sabine Point Way,    Missouri City, TX 77459-6432
8618245     +Cary Hughes,    3230 Sabine Point Way,    Missouri City, TX 77459-6432
8618246      Center Point Energy Field Services, Inc.,    c/o Totz, Ellison & Totz, PC,
              211 Norfolk, Suite 510/516,    Houston, TX 77098
8724331     +Centerpoint Energy Field Services Inc,    Marc Ellison,    2211 Norfolk Ste 510,
              Houston Texas 77098-4048
8618247      Clarion Finanz, AG,    Attn: Carlo Civelli, Managing Director,    Gerbergasse 5,    P.O. Box 7427,
              CH-8023 Zurich, Switzerland
8618248     +Clarion Finanz, AG,    c/o Joe C. Holzer, Esq.,    Andrews & Kurth,    600 Travis, Suite 4200,
              Houston, TX 77002-2929
8738693      Comptroller of Public Accounts,    c/o Office of the Attorney General,
              Bankruptcy - Collections Division,    PO Box 12548,    Austin TX 78711-2548
8618250     +Cone Compression Services, Inc.,    PO Box 283,    Fulshear, TX 77441-0283
8618251    #+Continental Production Services, Inc.,    PO Box 69,    Fresno, TX 77545-0069
8618253     +D&B Rental Services,    1800 FM 237,    Yorktown, TX 78164-1912
8618254      Dale Dossey,    Dossey & Jones, PLLC,    25025 I-45, Ste. 410,    Spring, TX 77380
8618255     +Dalton Trucking,    PO Box 5606,    Victoria, TX 77903-5606
8645864     +Dewitt County,    c/o Diane W. Sanders,    Linebarger Goggan Blair & Sampson, LLP,    PO BOX 17428,
              Austin, TX 78760-7428
8618256      Don Summers,    Tax Assessor-Collector,    PO Box 4622,    Houston, TX 77210-4622
8618257     +Dwight Snell & Associates,    1014 Mill Valley,    Sugar Land, TX 77498-2699
8618258     +Ed Talone Trust #1,    1901 Post Oak Blvd. #806,    Houston, TX 77056-3883
8618259     +Energy Gas Compression, Ltd.,    2020 N. Lexington Blvd.,    Corpus Christi, TX 78409-1335
8738269     +H & B Packer Services, Inc.,    P. O. Box 708,    El Campo, TX 77437-0708
8618260     +H&B Packer,    2601 N. Mechanic,    PO Box 708,    El Campo, TX 77437-0708
8626194     +Hajovsky, Jones & Ford, PC,    14614 Falling Creek Dr., Ste. 105,    Houston, TX 77068-2999
8640747     +Hamman Swabbing & Oil Field Services,    PO Box 615,    El Campo, TX 77437-0615
8618262      Hamman Swabbing & Oil Field Services,    Highway 71N,    El Campo, TX 77437
8618263      Harris County Appraisal District,    Business & Industrial Property Div.,    PO Box 922007,
              Houston, TX 77292-2007
8618264     +Henry & Sang Nguyen,    922 Northeast Avenue,    Panama City, FL 32401-4533
8618267     +InterOil Corporation,    c/o Yasser Madriz, Esq.,    Haynes and Boone, LLP,
              1221 McKinney, Ste. 2100,    Houston, TX 77010-2020
8618268      InterOil Corporation,    c/o InterOil Australia Pty Ltd., Level 1,    60-92 Cook St.,
              Cairns, Queensland, 4870,    Austrailia
8618269      InterOil Corporation,    Attn: Phil Mulacek, Director,    25025 I-45 North, Suite 420,
              The Woodlands, TX 77380
8618265     +Internal Revenue Service,    1919 Smith St., Ste. 300,    Stop 5125 - HOU,    Houston, TX 77002-8055
8618270     +Lithotech Printed Products,    PO Box 1562,    Bellaire, TX 77402-1562
8618271     +Mastodon Operating Company, LLC,    1770 St. James Place, Suite 205,    Houston, TX 77056-3432
8618273      Pacific LNG Operations, Ltd.,    Attn: Carlo Civelli, Managing Director,    Gerbergasse 5,
              P.O. Box 7427,    CH-8023 Zurich, Switzerland
8618274      Pacific LNG Operations, Ltd.,    c/o Morgan & Morgan Trust Corporation,    Mr. Jose Andres Calvo,
              P.O. Box 958 Pasea Estate,    Road Town Tortola British Virgin Islands
8618272     +Pacific LNG Operations, Ltd.,    c/o Joe C. Holzer, Esq.,    Andrews & Kurth,
              600 Travis, Suite 4200,    Houston, TX 77002-2929
8618275     +Richard's Hot Oil Service, Inc.,    PO Box 816,    Giddings, TX 78942-0816
8618276     +Robert Crow,    PO Box 19677,    Houston, TX 77224-9677
8618277     +Ryan Services,    c/o Ryan Glover LLP,    440 Louisiana, Suite 900,    Houston, TX 77002-4205
8618280     +SENDEX Energy, L.L.C.,    1770 St. James Place,    Suite 205,    Houston, TX 77056-3432
8618278     +Sealy Appliance & Butane Co.,    1401 Columbus Rd.,    PO Box 636,    Sealy, TX 77474-0636
8618279      Select Industries, Inc.,    PO Box 2450,    Wichita Falls, TX 76307-2450
8618281      Texas Perforators, Inc.,    PO Box 5781,    Kingsville, TX 78364-5781
8618283     +Timothy R. Gallagher,    1515 Garrettson Lane #36,    Houston, TX 77056-3333
8618284     +Vision Oilfield Services, LC,    PO Box 3506,    Victoria, TX 77903-3506
8618285     +Warren Gohlke,    667 Oakridge Drive,    Goliad, TX 77963-3964
8618286     +Wise Well Intervention Services,    Pagel, David & Hill, PC,    1415 Louisiana, 22nd Floor,
              Houston, TX 77002-7344
8618287     +York Acidizing and Cementing, LLC,    6511 FM 1464 PMB 6,    Richmond, TX 77407-3575

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr            E-mail/Text: houston_bankruptcy@LGBS.com Jul 21 2014 21:35:50      Harris County,
               c/o John P. Dillman,    Post Office Box 3064,    Houston, TX 77253-3064
8618249       E-mail/Text: pacer@cpa.state.tx.us Jul 21 2014 21:36:35      Comptroller of Public Accounts,
               111 E. 17th St.,    Austin, TX 78774-0100
```

```
District/off: 0541-4           User: dsta                  Page 2 of 2                   Date Rcvd: Jul 21, 2014
                               Form ID: pdf001             Total Noticed: 59
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
```
8618252        +E-mail/Text: admin@crosupply.com Jul 21 2014 21:36:43     Cross Road Oilfield Supply, Ltd.,
                 PO Box 1546,   El Campo,, TX 77437-1546
8663881         E-mail/Text: houston_bankruptcy@LGBS.com Jul 21 2014 21:35:50      Harris County et al,
                 c/o John P. Dillman,    Linebarger Goggan Blair & Sampson LLP,    P.O. Box 3064,
                 Houston, Tx. 77253-3064
8618266        +E-mail/Text: jasmin.merced@wolterskluwer.com Jul 21 2014 21:36:41      InterOil Corporation,
                 c/o CT Corporation Systems,    111 Eighth Ave.,   New York, NY 10011-5201,
                 Attn:   InterOil Corporation Service
8648749         E-mail/Text: cio.bncmail@irs.gov Jul 21 2014 21:34:37      Internal Revenue Service,    PO Box 7317,
                 Philadelphia, PA 19101-7317
8618282         E-mail/Text: redpacer@twc.state.tx.us Jul 21 2014 21:36:38      Texas Workforce Commission,
                 101 E. 15th St.,   Austin, TX 78778-0001
                                                                                              TOTAL: 7

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              DeWitt County
intp            HSC Holdings
cr*             Rockwell Management
intp*          +Mastodon Operating Company, LLC,    1770 St. James Place,    Suite 205,   Houston, TX 77056-3432
8618261        ##+Hajovsky, Jones & Ford, PC,    14405 Walters Rd., Ste. 825,   Houston, TX 77014-1351
                                                                                    TOTALS: 3, * 1, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 23, 2014                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 21, 2014 at the address(es) listed below:
```
              David B Harberg    on behalf of Interested Party    HSC Holdings dharberg@harberglaw.com,
               admin@harberglaw.com
              Diane Wade Sanders    on behalf of Creditor    DeWitt County austin.bankruptcy@publicans.com
              Hector  Duran    on behalf of U.S. Trustee    US Trustee Hector.Duran.Jr@usdoj.gov
              Jerrod Lee Allen    on behalf of Creditor    Basic Energy Services, L.P. jallen@westallenlaw.com,
               agriffith@westallenlaw.com;bbryson@westallenlaw.com;jwest@westallenlaw.com;vware@westallenlaw.com
               ;isadler@westallenlaw.com;tadkisson@westallenlaw.com
              John P Dillman    on behalf of Creditor    Harris County Houston_bankruptcy@publicans.com
              Johnie J Patterson    on behalf of Interested Party    Mastodon Operating Company, LLC
               jjp@walkerandpatterson.com,
               mwalker@walkerandpatterson.com;mgoott@walkerandpatterson.com;wandp.ecf@gmail.com
              Johnie J Patterson    on behalf of Interested Party    Mastodon Resources, LLC
               jjp@walkerandpatterson.com,
               mwalker@walkerandpatterson.com;mgoott@walkerandpatterson.com;wandp.ecf@gmail.com
              Mazelle Sara Krasoff    on behalf of Creditor    Rockwell Management krasoff@hooverslovacek.com,
               bankruptcy1@hooverslovacek.com,mkrasoffbank@gmail.com,ray@hooverslovacek.com
              Richard L Fuqua, II    on behalf of Attorney Richard L Fuqua fuqua@fuquakeim.com,
               fuqua@fuqualegal.com
              Richard L Fuqua, II    on behalf of Debtor    Helia Tec Resources, Inc. fuqua@fuquakeim.com,
               fuqua@fuqualegal.com
              US Trustee    USTPRegion07.HU.ECF@USDOJ.GOV
                                                                                              TOTAL: 11
```