# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HELIA TEC RESOURCES, INC., | § | CASE NO. 13-36251 |
| | § | (Chapter 11) |
| Debtor. | § | Judge Jones |

## CHAPTER 11 SECOND  AMENDED PLAN OF
## LIQUIDATION SUBMITTED BY
## <u>HELIA TEC RESOURCES, INC.</u>

**Fuqua & Associates, PC**
**Richard L. Fuqua**
**5005 Riverway, Suite 250**
**Houston, Texas 77056**
**(713) 960-0277**
**(713) 960-1064 (facsimile)**
**rlfuqua@fuqualegal.com**

**Richard A. Battaglia, P.C.**
**Richard A. Battaglia**
**P.O. Box 131276**
**Houston, Texas 77219-1276**
**713.521.3570  Telephone**
**713.521.3573  Telecopier**
**rab@rabpc.com**

**Counsel for the Debtor**

**Table of Contents**

**Page**

1.   **DEFINITIONS** ................................................................................................. 1

Administrative Claim ................................................................................................. 1
Administrative Claim Bar Date ................................................................................. 1
Administrative Claim Distribution Date.................................................................... 2
Allowed Administrative Claim .................................................................................. 2
Allowed Amount........................................................................................................ 2
Allowed Claim ........................................................................................................... 2
Allowed General Unsecured Claim ........................................................................... 2
Allowed Interest......................................................................................................... 2
Allowed Priority Non-Tax Claim .............................................................................. 2
Allowed Priority Tax Claim ...................................................................................... 2
Allowed Secured Claim ............................................................................................. 2
Allowed Subordinated Claim..................................................................................... 2
Allowed Subordinated Interest .................................................................................. 3
Available Cash ........................................................................................................... 3
Avoidance Action ...................................................................................................... 3
Avoided Lien ............................................................................................................. 3
Bankruptcy Code ....................................................................................................... 3
Bankruptcy Court....................................................................................................... 3
Bankruptcy Rules....................................................................................................... 3
Bar Date ..................................................................................................................... 3
Business Day .............................................................................................................. 3
Cash ........................................................................................................................... 3
Cause of Action ......................................................................................................... 3
Chapter 11 Case ......................................................................................................... 4
Claim.......................................................................................................................... 4
Claimant..................................................................................................................... 4
Collateral.................................................................................................................... 4
Committee................................................................................................................... 4
Confirmation Date ..................................................................................................... 4
Confirmation Hearing ................................................................................................ 4
Confirmation Order.................................................................................................... 4
Creditor ...................................................................................................................... 4
Cure Costs.................................................................................................................. 4
Debtor ........................................................................................................................ 4
Debtor in Possession .................................................................................................. 4
Deficiency Claim………………………………………………………………………5
Disclosure Statement ................................................................................................. 5

Disputed Claim ......................................................................................................... 5
Disputed Claims Reserve ......................................................................................... 5
Distribution ............................................................................................................... 5
Effective Date ........................................................................................................... 5
Equity Interest or Interest ........................................................................................ 5
Equity Interest Holder or Interest Holder ................................................................ 5
Equity Interest Record Date ..................................................................................... 5
Estate ......................................................................................................................... 5
Fee Procedure Order ................................................................................................. 5
Final Distribution ..................................................................................................... 5
Final Distribution Date ............................................................................................. 6
Final Order ................................................................................................................ 6
General Unsecured Claims ........................................................................................ 6
Governmental Unit ................................................................................................... 6
Initial Distribution Date ........................................................................................... 6
Interest Holder .......................................................................................................... 6
Interim Distribution Date .......................................................................................... 6
Lien ............................................................................................................................ 6
Liquidating Debtor .................................................................................................... 6
Person ........................................................................................................................ 6
Petition Date ............................................................................................................. 6
Second  Amended Plan .............................................................................................. 7
Plan Agent ................................................................................................................. 7
Plan Ballot ................................................................................................................. 7
Plan Documents ........................................................................................................ 7
Plan Rate ................................................................................................................... 7
Priority Claim ........................................................................................................... 7
Priority Non-Tax Claim ............................................................................................ 7
Priority Tax Claim .................................................................................................... 7
Pro Rata ..................................................................................................................... 7
Professional Fee Claims ............................................................................................ 8
Professional Fees ...................................................................................................... 8
Professionals ............................................................................................................. 8
Protected Persons ...................................................................................................... 8
Rights of Action ........................................................................................................ 8
Schedules ................................................................................................................... 8
Secured Claim ........................................................................................................... 8
Subordinated Claim ................................................................................................... 8
Subordinated Interest ................................................................................................ 8
Unsecured Claim ....................................................................................................... 8
1.2% IPI Percentage .................................................................................................. 9

2.   **RULES OF CONSTRUCTION** ................................................................................ 9

3.   **CLASSIFICATION OF CLAIMS AND INTERESTS** ......................................... 9

Administrative Claims and Priority Tax Claims ....................................................... 9

Administrative Claims ................................................................................................ 9
Priority Tax Claims .................................................................................................... 10
Classified Claims Against the Debtor ............................................................................. 10
Class 1 – Priority Non-Tax Claims ........................................................................... 10
Class 2 – Secured Claim ............................................................................................ 10
Class 3 – General Unsecured Claims ......................................................................... 10
Class 4 – Subordinated Claims ................................................................................. 10
Class 5 – Equity Interests .......................................................................................... 10

4.   **IMPAIRMENT OF CLASSES AND RESOLUTION OF CLAIM CONTROVERSIES ...................................................................................... 10**

Impaired Classes ................................................................................................................. 10
Controversy Concerning Classification, Impairment or Voting Rights ........................... 10

5.   **TREATMENT OF IMPAIRED CLASSES ...................................................... 11**

6.   **TREATMENT OF CLASSES ........................................................................... 11**

Class 1 ..................................................................................................................................... 11
Class 2 ..................................................................................................................................... 11
Class 3 ..................................................................................................................................... 11
Class 4 ..................................................................................................................................... 11
Class 5 ..................................................................................................................................... 12

7.   **MEANS OF IMPLEMENTATION OF THE SECOND  AMENDED PLAN .......... 12**

Vesting of Property of the Estate in the Liquidating Debtor ............................................ 12
Continuation of Operations .............................................................................................. 12
Continued Corporate Existence ........................................................................................ 13
General Powers of the Plan Agent .................................................................................... 13
Obligations of the Plan Agent .......................................................................................... 15
Limitations of the Powers of the Plan Agent ................................................................... 16
Resignation/Removal of the Plan Agent ........................................................................... 16
Appointment of Successor Plan Agent ............................................................................. 16
Compensation Procedures ................................................................................................. 16

8.   **CLAIM/INTEREST OBJECTION PROCEDURES, TREATMENT OF DISPUTED CLAIMS/INTERESTS AND PROCEDURE FOR ASSERTING CLAIMS ............ 16**

Objection Process .............................................................................................................. 16
Filing of Claims and Causes of Action ............................................................................. 17
Disputed Claims Reserve .................................................................................................. 17
Distributions to Holders of Disputed Claims .................................................................... 17
Disallowance of Late Filed Proofs of Claim .................................................................... 17
Provisions Governing Distributions……………………………………………………17
Record Date for Claims and Equity Interests ................................................................... 17
Delivery of Distributions to Holders of Allowed Claims ..................................... 18

       Delivery of Distributions to Holders of Allowed Equity Interests ...................... 18
       Unclaimed Distributions ................................................................................ 18
       Uncashed Checks ......................................................................................... 18

**9.     EXECUTORY CONTRACTS AND UNEXPIRED LEASES ..................................... 18**

       Rejection of Executory Contracts and Unexpired Leases ................................. 18
       Assumed Executory Contracts and Unexpired Leases .................................... 19
       Legal Services Contingency Contract…………………………………………………19
       Claims Based on Rejection of Executory Contracts or Unexpired Leases...................... 19
       Reservation of Rights.................................................................................... 19

**10.   EFFECT OF REJECTION BY ONE OR MORE CLASSES OF CLAIMS ............. 20**

       Impaired Classes to Vote .............................................................................. 20
       Acceptance by Class ..................................................................................... 20
       Reservation of Cramdown Rights .................................................................. 20

**11.   EFFECT OF CONFIRMATION ....................................................................... 20**

       Legally Binding Effect................................................................................... 20
       Limited Protection of Certain Parties in Interest ............................................ 20
       Indemnification ............................................................................................ 21
       Preservation of Claims and Rights................................................................. 21

**12.   RETENTION OF JURISDICTION ................................................................... 22**

       Exclusive Bankruptcy Court Jurisdiction ...................................................... 22
       Limitation on Jurisdiction ............................................................................. 23

**13.   CONDITIONS TO CONFIRMATION OF SECOND  AMENDED PLAN.............. 23**

       Conditions Precedent to Effective Date.......................................................... 23
       Annulment of Second  Amended Plan if Conditions Not Waived or Satisfied............... 23

**14.   NOTICE PROVISIONS ................................................................................... 24**

       Notices ....................................................................................................... 24
       Limitation on Notice .................................................................................... 24
           Notice of the Effective Date ................................................................. 24
           Post Effective Date Service ................................................................. 25
       General Notice To Creditors.......................................................................... 25

**15.   COMPROMISES AND SETTLEMENTS .......................................................... 25**

       Effect of Confirmation Order ........................................................................ 25

**16.   MISCELLANEOUS PROVISIONS.................................................................... 25**

Bar Date for Administrative Claims ................................................................................... 25
Objections to Administrative Claims ................................................................................. 26
Payment of Professional Fees ............................................................................................. 26
Payment of United States Trustee Fees .............................................................................. 26
Directive to State Agencies ................................................................................................. 26
Satisfaction of Liabilities .................................................................................................... 26
Warranty of Transfers from Liquidating Debtor ................................................................ 26
Compliance with Tax Requirements ................................................................................... 26
Amendment of the Second  Amended Plan ........................................................................ 27
Timing of Distributions ...................................................................................................... 27
Enforcement of Subordination Agreements/Settlement Agreements ................................. 27
Filing of Documents in Public Records .............................................................................. 27
Right to Seek Further Orders .............................................................................................. 27
Regulatory Approvals ......................................................................................................... 27
Withdrawal of Second  Amended Plan ............................................................................... 27
Due Authorization by Creditors .......................................................................................... 28
Filing of Additional Documentation ................................................................................... 28
Implementation ................................................................................................................... 28
Substantial Consummation ................................................................................................. 28
Further Effect of Confirmation ........................................................................................... 28
Dates ................................................................................................................................... 28
Governing Law .................................................................................................................... 28
Conflict ............................................................................................................................... 28
Severability ......................................................................................................................... 28
Setoffs ................................................................................................................................. 29
Further Action ..................................................................................................................... 29

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **HELIA TEC RESOURCES, INC.,** | § | **CASE NO. 13-36251** |
| | § | **(Chapter 11)** |
| Debtor | § | **Judge Jones** |

## SECOND  AMENDED CHAPTER 11 PLAN OF LIQUIDATION

Helia Tec Resources, Inc. files this Second  Amended Chapter 11 Plan of Liquidation to address the liquidation of the Debtor's assets and distributions to Creditors and Interest Holders as their respective interests may appear in accordance with the Bankruptcy Code.

### Article 1
### DEFINITIONS

As used in the Second  Amended Plan, the following terms shall have the respective meanings specified below.  Any term used in the Second  Amended Plan not defined below or herein shall be interpreted in accordance with the Rules of Construction set forth in Article 2 of this Second  Amended Plan.

1.1     Administrative Claim.  Any cost or expense of administration of the Chapter 11 Case incurred on or before the Effective Date entitled to priority under § 507(a)(2) and allowed under § 503(b) of the Bankruptcy Code, including without limitation, any actual and necessary expenses of preserving the Debtor's estate, including (i) wages, salaries or commissions for services rendered after the commencement of the Chapter 11 Case; (ii) certain taxes, fines and penalties; (iii) any actual and necessary post-petition expenses of operating the Debtor's business; (iv) certain post-petition indebtedness or obligations incurred by or assessed against the Debtor in connection with the conduct of its business, or for the acquisition or lease of property, or for providing services to the Debtor, including all allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under the Bankruptcy Code, and any fees or charges assessed against the Debtor's estate under chapter 123, title 28, United States Code; and (v) if applicable, the Expense Reimbursement (as defined in the EDG Asset Purchase Agreement).  With respect to Administrative Claims which are allowed pursuant to §§ 503(b)(2), 503(b)(3), 503(b)(4), 503(b)(5), 503(b)(6), 503(b)(7), 503(b)(8) or 503(b)(9), there shall be an Administrative Claim against the Debtor only to the extent of and only after the entry of a Final Order approving such Administrative Claim following the filing of a motion or application prior to the Administrative Claim Bar Date.

1.2     Administrative Claim Bar Date.  The last day to file an application for allowance of an Administrative Claim (other than (i) quarterly U.S. Trustee fees, (ii) Professional Fee Claims, and (iii) administrative claims provided by third party non-professionals for goods and

services provided in the ordinary course of the Debtor's business), which shall be 20 days after the Effective Date unless otherwise established by a Final Order.

      1.3    <u>Administrative Claim Distribution Date</u>.  The date, occurring as soon as practicable after the Effective Date, on which distributions are made pursuant to the terms of the Second Amended Plan to Holders of Allowed Administrative Claims; provided, however, that should such Allowed Claims be paid in the ordinary course of business, the Distribution Date shall be the date such Allowed Claim becomes payable under the terms of any contract or agreement or applicable non-bankruptcy law.

      1.4    <u>Allowed Administrative Claim</u>.  An Administrative Claim to the extent it is or becomes an Allowed Claim.

      1.5    <u>Allowed Amount</u>.  The amount of an Allowed Claim.

      1.6    <u>Allowed Claim</u>.  Any Claim (i) which has been scheduled by the Debtor pursuant to Bankruptcy Rule 1007 and (a) is not scheduled as disputed, contingent or unliquidated, (b) as to which no Proof of Claim has been filed and (c) as to which no objection to such scheduled Claim has been filed; (ii) as to which a timely Proof of Claim has been filed as of the Bar Date and no objection thereto has been made; or (iii) that has been allowed by a Final Order. Any Claim that is allowed solely for purposes of voting to accept or reject this Second Amended Plan pursuant to an Order of the Bankruptcy Court shall not be deemed to be an Allowed Claim for purposes of Distributions under this Second Amended Plan.

      1.7    <u>Allowed General Unsecured Claim</u>.  A General Unsecured Claim to the extent it is or becomes an Allowed Claim.

      1.8    <u>Allowed Interest</u>.  Any Equity Interest on the Record Date that has not been disallowed pursuant to the terms of the Second Amended Plan or a Final Order of the Bankruptcy Court. Any Interest that is allowed solely for purposes of voting to accept or reject this Second Amended Plan pursuant to an Order of the Bankruptcy Court shall not be deemed to be an Allowed Interest for purposes of Distributions under this Second Amended Plan.

      1.9    <u>Allowed Priority Non-Tax Claim</u>.  A Priority Non-Tax Claim to the extent it is or becomes an Allowed Claim.

      1.10    <u>Allowed Priority Tax Claim</u>.  Any Claim, to the extent such Claim is an Allowed Claim and entitled to priority in payment under § 507(a)(8) of the Bankruptcy Code.

      1.11    <u>Allowed Secured Claim</u>.  A Secured Claim of a creditor to the extent such Claim is an Allowed Claim, and the Lien securing such Claim or the amount of such Claim is not disputed or has not become an Avoided Lien.

      1.12    <u>Allowed Subordinated Claim</u>.  A Subordinated Claim to the extent it is or becomes an Allowed Claim.

1.13    Allowed Subordinated Interest.  A Subordinated Interest to the extent it is or becomes an Allowed Interest.

1.14     Available Cash.  All of the Cash on hand on any particular date less (i) amounts reserved on account of Disputed Claims; (ii) amounts reasonably reserved for unpaid Administrative Claims, Secured Claims, Priority Tax Claims and Priority Non-Tax Claims; (iii) amounts reasonably required by the Plan Agent to retain Professionals post-confirmation and the fees and expenses of the Post-Confirmation Committee; and (iv) amounts reasonably required by the Plan Agent to administer property and to complete the transactions and other actions required under the Second  Amended Plan, including the prosecution of claims and causes of action owned by the Estate.

1.15    Avoidance Action.  Any and all rights, claims and causes of action arising under Sections 506(c), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552(b), 553 or 724 of the Bankruptcy Code.

1.16     Avoided Lien.  A Lien to the extent it has been set aside, invalidated, or otherwise avoided under any provision of the Bankruptcy Code or other applicable law.

1.17    Bankruptcy Code.  Title 11 of the United States Code, as in effect on the Confirmation Date.

1.18    Bankruptcy Court.  The unit of the United States District Court for the Southern District of Texas, Houston Division, having jurisdiction over this Chapter 11 Case, or in the event such Court ceases to exercise jurisdiction over this Chapter 11 Case, such court or adjunct thereof that exercises jurisdiction over the Chapter 11 Case in lieu of the United States Bankruptcy Court for the Southern District of Texas, Houston Division, and any appellate or other court that is competent to exercise jurisdiction over the confirmation of this Second Amended Plan.

1.19    Bankruptcy Rules.  The Federal Rules of Bankruptcy Procedure, as amended, and the Bankruptcy Local Rules for the Southern District of Texas, as applicable to this Chapter 11 Case, each as in effect on the Petition Date and the Effective Date, as applicable.

1.20    Bar Date.  The last day for timely filing proofs of claim in this case was February 18, 2014.

1.21    Business Day.  Any day other than a Saturday, Sunday or any other day on which commercial banks in Houston, Texas are required or authorized to close by law or executive order.

1.22    Cash.  Legal tender of the United States of America, denominated in U.S. dollars, and equivalents thereof.

1.23    Cause of Action.  Any Claim or cause of action, legal or equitable, now owned or hereafter acquired by the Debtor, the Debtor in Possession or the Estate whether arising under

contract or tort, federal or state law, including but not limited to Avoidance Actions, whether commenced prior or subsequent to the Petition Date.

1.24    Chapter 11 Case.  Case No. 13-36251, filed on October 3, 2013 under chapter 11 of the Bankruptcy Code by the Debtor and pending before the Bankruptcy Court.

1.25    Claim.    Any (i) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

1.26    Claimant.   A person asserting a Claim against the Debtor, its property, or the Estate.

1.27    Collateral.  Any property or interest in property of the Estate subject to a Lien.

1.28    Committee.   The Official Committee of Unsecured Creditors appointed in this Chapter 11 Case.

1.29    Confirmation Date.   The date upon which the Bankruptcy Court enters the Confirmation Order.

1.30    Confirmation Hearing.  The hearing to be conducted by the Bankruptcy Court to determine whether to approve the Second  Amended Plan.

1.31    Confirmation Order.    The Order of the Bankruptcy Court approving and confirming the Second  Amended Plan in accordance with the applicable provisions of chapter 11 of the Bankruptcy Code.

1.32    Creditor.   Any person that holds a Claim against any Debtor that arose or is deemed to have arisen on or before the Petition Date, including an Allowed Claim against the Debtor's Estate of a kind specified in §§ 502(g), 502(h) or 502(i) of the Bankruptcy Code.

1.33    Cure Costs. The amount necessary to cure all defaults under any executory contract or any unexpired lease to which the Debtor is a party and to compensate the non-debtor party for any actual pecuniary loss resulting from such defaults in order to assume and assign the executory contract or unexpired lease under §§ 365(a) and 365(f) of the Bankruptcy Code.

1.34    Debtor.  Helia Tec Resources, Inc.

1.35    Debtor in Possession. The Debtor in its capacity as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

1.36    <u>Deficiency Claim</u>.  The amount by which an Allowed Secured Claim exceeds the value of any Collateral securing such Claim as may be determined by the Bankruptcy Court in accordance with § 506(a) of the Bankruptcy Code.  A Deficiency Claim is a General Unsecured Claim.

1.37    <u>Second Amended Disclosure Statement</u>.  The Second  Amended Disclosure Statement with respect to this Second  Amended Plan, including all exhibits and schedules thereto, filed by the Debtor and approved by the Court pursuant to § 1125 of the Bankruptcy Code, as may be amended or supplemented.

1.38    <u>Disputed Claim</u>.  A Claim against the Debtor as to which an objection has been filed on or before the deadline for objecting to a Claim and which objection has not been withdrawn, settled or otherwise resolved by Final Order.

1.39    <u>Disputed Claims Reserve</u>.  A reserve to be held in trust for the benefit of holders of Disputed Claims in accordance with the provisions of the Second  Amended Plan.

1.40    <u>Distribution</u>.  The Cash and other property required by the Second  Amended Plan to be distributed to the holders of Allowed Claims and Allowed Interests.

1.41    <u>Effective Date</u>.  The first Business Day after (i) the date the Confirmation Order has been entered; and (ii) all conditions specified in Article 13 hereof have been satisfied or waived.

1.42    <u>Equity Interest or Interest</u>. Equity Interest or Interest shall have the meaning ascribed to "equity security" in § 101(16) of the Bankruptcy Code.

1.43    <u>Equity Interest Holder or Interest Holder</u>. Equity Interest Holder or Interest Holder shall have the meaning ascribed to "equity security holder" in § 101(17) of the Bankruptcy Code.

1.44    <u>Equity Interest Record Date</u>.  The date that the Bankruptcy Court enters an order approving the Disclosure Statement shall serve as the record date for purposes of Distributions to Allowed Interests and Allowed Subordinated Interests under the Second  Amended Plan.

1.45    <u>Estate</u>.  The estate created upon the filing by the Debtor of the Chapter 11 Case pursuant to § 541 of the Bankruptcy Code, together with all rights, claims and interests pertaining thereto.

1.46    <u>Fee Procedure Order</u>.  The Final Order entered February 17, 2011 at Docket No. 116 governing the compensation of professionals.

1.47    <u>Final Distribution</u>.  The final Distribution from the Plan Agent made pursuant to the terms of the Second  Amended Plan.

1.48    Final Distribution Date.  The date on which the Plan Agent makes the Final Distribution.

1.49    Final Order.  An order or judgment which has not been reversed, vacated or stayed and as to which (a) the time to appeal, petition for *certiorari* or move for new trial, re-argument or rehearing has expired and to which no appeal, petition for *certiorari* or other proceedings for a new trial, re-argument or rehearing shall then be pending, or (b) if an appeal, writ of *certiorari*, new trial, re-argument or rehearing thereof has been sought, such order or judgment of the Bankruptcy Court shall have been affirmed by the highest court to which such order was appealed, or *certiorari* shall have been denied or a new trial, re-argument or rehearing shall have been denied or resulted in no modification of such order, and the time to take any further appeal, petition for *certiorari* or move for a new trial, re-argument or rehearing shall have expired.

1.50    General Unsecured Claim.   A Claim other than a Secured Claim, an Administrative Claim, a Priority Claim, or a Subordinated Claim.

1.51    Governmental Unit.   The term Governmental Unit shall have the meaning assigned in the Bankruptcy Code and shall include, without limitation, the Centers for Medicare and Medicaid Services.

1.52    Initial Distribution Date.  The date that is the earlier of (i) 120 days following the Effective Date; (ii) such other date as ordered by the Bankruptcy Court; or (iii) such date as determined by the Plan Agent.

1.53    Interest Holder.  Any holder or owner of an Equity Interest on the Equity Interest Record Date.

1.54    Interim Distribution Date.  One or more dates identified by the Plan Agent, after consultation with the Post-Confirmation Committee on which Distributions are made to holders of Allowed Claims from Available Cash.

1.55    Lien.  A charge against or interest in property to secure payment of a debt or performance of an obligation which is not an Avoided Lien.

1.56    Liquidating Debtor.  As of the Effective Date of the Second  Amended Plan, the Debtor as reorganized under the terms of this Second  Amended Plan.

1.57    Person.  An individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated association or organization, a governmental unit (as that term is defined in the Bankruptcy Code) or any agency or subdivision thereof or any other entity.

1.58    Petition Date.  October 3, 2013, the date on which the Debtor filed the voluntary Chapter 11 petition commencing this Chapter 11 Case.

1.59    Second Amended Plan.  This Second Amended Chapter 11 Plan of Liquidation, as it may be amended or modified from time to time.

1.60    Plan Agent.  Heather René Potts, or any successor Plan Agent appointed pursuant to the terms of this Second Amended Plan or such other person as appointed by the Bankruptcy Court.

1.61    Plan Ballot.  The form of ballot that the Debtor will transmit to Creditors and Interest Holders who are, or may be, entitled to vote on the Second Amended Plan.

1.62    Plan Documents.  Any and all documents contemplated to be executed in connection with this Second Amended Plan.

1.63    Plan Rate.  The rate of interest, if any, that will be paid on Claims but only to the extent that this Second Amended Plan specifies that interest will be paid on such Claims.  For all non-tax claims, the Plan Rate shall be 6% simple interest.  The Plan Rate for tax claims shall be the applicable non-bankruptcy statutory rate determined as of the calendar month in which the Confirmation Order is entered.  Interest shall be calculated from the Petition Date to each Initial Distribution Date, Interim Distribution Date and Final Distribution Date as applicable.

1.64    Priority Claim.  Any Claim to the extent entitled to priority in payment under § 507(a) of the Bankruptcy Code.

1.65    Priority Non-Tax Claim.  Any Claim (other than an Administrative Claim or a Priority Tax Claim) to the extent entitled to priority in payment under § 507(a) of the Bankruptcy Code including, but not limited to, (i) Claims of an employee of the Debtor for wages, salaries, or commissions, including vacation, severance or sick leave pay, earned within one hundred and eighty (180) days prior to the Petition Date (to the extent of $11,725 per employee) as set forth in § 507(a)(4) of the Bankruptcy Code; (ii) Claims for contribution to an employee benefit plan as set forth in § 507(a)(5) of the Bankruptcy Code; (iii) Claims for deposits of up to $2,600 placed by consumers with the Debtor as set forth in § 507(a)(7) of the Bankruptcy Code; (iv) Claims based upon any commitment by the Debtor to a Federal depository institutions regulatory agency to maintain the capital of an insured depository institution as set forth in § 507(a)(9); and (v) Claims for death or personal injury resulting from the operation of a motor vehicle or vessel if such operation was unlawful because the Debtor were intoxicated from using alcohol, a drug or another substance as set forth in § 507(a)(10).

1.66    Priority Tax Claim.  Any Claim entitled to priority in payment under § 507(a)(8) of the Bankruptcy Code.  A Claim based upon an assessed *ad valorem* tax that is secured by a statutory lien on property that was administered during this Chapter 11 Case is a Secured Claim to the extent of the value of the property administered.  Otherwise, such Claim is a General Unsecured Claim.

1.67    Pro Rata.  The proportion that the dollar amount of an Allowed Claim or Allowed Interest in a Class bears to the aggregate amount of all Allowed Claims or Allowed Interests in such Class.

1.68    Professional Fee Claims.  Administrative Claims for Professional Fees from the Petition Date through the Effective Date, as well as fees, expenses and other reimbursable costs incurred after the Effective Date in connection with the preparation and filing of fee applications with the Bankruptcy Court in respect of Professional Fee Claims.

1.69    Professional Fees.  All fees, costs and expenses incurred in this Chapter 11 Case by any professional person (within the meaning of §§ 327, 328 or 1103 of the Bankruptcy Code or otherwise) and awarded by Final Order of the Bankruptcy Court pursuant to §§ 330 or 503(b) or any other provision of the Bankruptcy Code and any professional fees, costs and expenses which have been allowed pursuant to this Second  Amended Plan or by Final Order of the Bankruptcy Court.

1.70    Professionals.   Any Court-approved professional Person, including lawyers, accountants, financial advisors, investment bankers and restructuring advisors, employed by the Debtor or the Committee in this Chapter 11 Case at any time before the Effective Date.

1.71    Protected Persons.  Protected Persons shall have the meaning set forth in Article 11.

1.72    Rights of Action.  Includes (a) any avoidance, recovery, subordination or other action of the Debtor, the Estate or the Liquidating Debtor, (b) any Cause of Action of the Debtor, the Estate or the Liquidating Debtor, (c) any objection or other challenge to a Claim, and (d) any objection or other challenge to an Interest.

1.73    Schedules.  The Debtor's Schedules of Assets and Liabilities, as may be amended or supplemented, and filed with the Bankruptcy Court in accordance with § 521(a)(1) of the Bankruptcy Code.

1.74    Secured Claim.  A Claim to the extent of the value, as may be determined by the Bankruptcy Court pursuant to § 506(a) of the Bankruptcy Code, of any interest in property of the Estate securing such Claim, or any Claim to the extent that it is subject to setoff under § 553 of the Bankruptcy Code.  To the extent that the value of such interest is less than the amount of the Claim which has the benefit of such security, such remaining Claim is a Deficiency Claim.

1.75    Subordinated Claim.  An Unsecured Claim that is subordinated pursuant to 11 U.S.C. § 510 or other applicable non-bankruptcy law pursuant to Final Order.

1.76    Subordinated Interest.  An Interest that is subordinated pursuant to 11 U.S.C. § 510 or other applicable non-bankruptcy law pursuant to Final Order.

1.77    Unsecured Claim.  A Claim not secured by a charge, mortgage or lien against or interest in property of the Estate, including but not limited to any Deficiency Claim and any claim for damages resulting from the rejection of an executory contract or lease.

1.78    1.2% IPI Percentage. The 1.2% IPI Percentage defined in the Second  Amended Disclosure Statement.

## Article 2
## RULES OF CONSTRUCTION

Unless otherwise specified, all section, article, schedule or exhibit references in this Second  Amended Plan are to the respective section in, article of, or schedule or exhibit to, this Second  Amended Plan, as same may be amended, waived, or modified from time to time.  The schedules and exhibits to this Second  Amended Plan are hereby incorporated herein by reference as if fully set forth herein.  Except as otherwise expressly provided herein, a term used in this Second  Amended Plan that is not defined herein shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules.  The words "herein," "hereof" and "hereunder" and other words of similar import refer to this Second  Amended Plan as a whole and not to any particular section, subsection or clause contained in this Second  Amended Plan, unless the context requires otherwise.  Whenever the words "include," "includes," or "including" are used in this Second  Amended Plan, such words are deemed to be followed by the words "without limitation" whether or not they are in fact followed by such words or words of like import.  Whenever from the context it appears appropriate, each term stated in either the singular or the plural includes the singular and the plural, and pronouns stated in the masculine, feminine or neuter gender include the masculine, feminine and the neuter. The article headings contained in the Second  Amended Plan are for reference purposes only and shall not affect in any way the meaning or interpretation of the Second  Amended Plan.

The rules of construction contained in § 102 of the Bankruptcy Code shall apply to the construction of this Second  Amended Plan, except for § 102(5) of the Bankruptcy Code.  The headings in this Second  Amended Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof.

## Article 3
## CLASSIFICATION OF CLAIMS AND INTERESTS

The Claims against and Interests in the Debtor are classified as set forth in this Article.

3.1    Administrative Claims and Priority Tax Claims.  In accordance with § 1123(a)(l) of the Bankruptcy Code, certain Administrative Claims and Priority Tax Claims have not been classified and thus are excluded from the Classes of Claims and Interests set forth in this Article III.  These unclassified Claims are treated as follows:

3.1.1    Administrative Claims.  Allowed Administrative Claims arising under 11 U.S.C. § 503(b), including Cure Costs against the Debtor will be paid in Cash and in full by the Plan Agent from the Sales Proceeds on the later of (i) the Administrative Claim Distribution Date, (ii) the date on which such Administrative Claim becomes an Allowed Claim; or (iii) such other date as the Plan Agent and the holder of the Allowed Administrative Claim shall agree.  Allowed Administrative Claims that are not secured

by a valid, perfected, post-petition Lien are not entitled to post-petition interest or legal fees and expenses.

       3.1.2   <u>Priority Tax Claims</u>.  Priority Tax Claims against the Debtor will be paid in Cash and in full by the Plan Agent from the Sales Proceeds on the later of (i) the Effective Date, (ii) the date on which such Priority Tax Claim becomes an Allowed Claim; or (iii) such other date as the Plan Agent and the holder of the Allowed Priority Tax Claim shall agree.  Allowed Priority Tax Claims that are fully Secured Claims shall be entitled to interest at the Plan Rate.

3.2   <u>Classified Claims Against the Debtor</u>.  Claims against the Debtor are classified as follows:

       3.2.1   <u>Class 1 – Priority Non-Tax Claims</u>.  Class 1 comprises all Allowed Priority Non-Tax Claims against the Debtor.

       3.2.2   <u>Class 2 – Secured Claim</u>.  Class 2 comprises all Allowed Secured Claims.

       3.2.3   <u>Class 3 – General Unsecured Claims</u>.  Class 3 comprises all Allowed General Unsecured Claims against the Debtor.

       3.2.4   <u>Class 4 – Subordinated Claims</u>.  Class 4 comprises all Allowed Subordinated Claims.  Allowed Subordinated Claims consisting of all claims by Cary E. Hughes, Timothy R. Gallagher, Mastodon Operating Company, LLC, or any other entity to which Hughes or Gallagher may have an interest shall be subordinated until such time as all other Class 1, 2, and 3 (administrative, secured, and unsecured) claims have been paid in full.

       3.2.5   <u>Class 5 – Equity Interests</u>.  Class 5 comprises all Allowed Equity Interest in the Debtor.

### Article 4
### <u>IMPAIRMENT OF CLASSES AND RESOLUTION OF CLAIM CONTROVERSIES</u>

4.1   <u>Impaired Classes</u>.  Only holders of Claims that are in impaired Classes may vote on this proposed Second  Amended Plan.  The following Classes of Claims and Interests are impaired under this Second  Amended Plan:

All classes are impaired classes.

4.2   <u>Controversy Concerning Classification, Impairment or Voting Rights</u>.  In the event a controversy or dispute should arise involving issues related to the classification, impairment or voting rights of any Creditor or Interest Holder under the Second  Amended Plan,

prior to the Confirmation Date, the Bankruptcy Court may, after notice and a hearing, determine such controversy.  Without limiting the foregoing, the Bankruptcy Court may estimate for voting purposes the amount of any contingent or unliquidated Claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the Chapter 11 Case.  In addition, the Bankruptcy Court may in accordance with § 506(b) of the Bankruptcy Code conduct valuation hearings to determine the Allowed Amount of any Secured Claim.

**Article 5**
**TREATMENT OF IMPAIRED CLASSES**

5.1 The Debtor anticipates sufficient Proceeds to retire all Classes of Claims in full.

**Article 6**
**TREATMENT OF CLASSES**

6.1     Class 1.  Allowed Priority Non-Tax Claims will be paid in Cash and in full by the Plan Agent from the Sales Proceeds on the later of (i) the Initial Distribution Date, (ii) the date on which such Claim becomes an Allowed Claim; (iii) such other date as the Plan Agent and the holder of the Allowed Claim in Class 1 shall agree.

6.2     Class 2  The Allowed Secured Claims shall be paid in full and in Cash by the Plan Agent on the later of (i) the Effective Date; (ii) the date on which such Claim becomes an Allowed Claim; or (iii) such other date as the Plan Agent and the holder of the Allowed Claim shall agree; (iv) the date funds become available by virtue of the Plan Agents liquidation of the 1.2% IPI Percentage.

6.3     Class 3.  The Allowed General Unsecured Claims shall be paid in full and in Cash by the Plan Agent on the later of (i) the Effective Date; (ii) the date on which such Claim becomes an Allowed Claim; or (iii) such other date as the Plan Agent and the holder of the Allowed Claim shall agree; (iv) the date funds become available by virtue of the Plan Agents liquidation of the 1.2% IPI Percentage.

6.4     Class 4. The Allowed Subordinated Claims shall be paid in full  and in Cash by the Plan Agent on the later of (i) the Effective Date or the date on which such Claim becomes an Allowed Claim; (ii) the date on which such Claim becomes an Allowed Claim and after satisfaction in full of all superior Allowed Claims up to the Allowed Amount of the Claimant's Allowed Subordinated Claim; (iii) such other date as the Plan Agent and the holder of the Allowed Claim  shall agree after satisfaction in full of all superior Allowed Claims up to the Allowed Amount of the Claimant's Allowed Subordinated Claim; or, (iv) the date funds become available by virtue of the Plan Agent's liquidation of the 1.2% IPI Percentage.  The Allowed Claims of Cary E. Hughes, Timothy R. Gallagher, Mastodon Operating Company, LLC (contingent) and all other Allowed Claims by any person or entity controlled or related to the principals of the Debtor shall be subordinated until all payment in full of Allowed Claims is made with respect to all other classes except the equity interest holders.

6.5    Class 5.  The Equity Interest Claims to the extent a claim is an Allowed Claim shall be subordinated to payment in full of all other Allowed Claims.  The Equity Interest Claims shall be paid on a pro-rata basis from all funds remaining on hand after payment in full of all other allowed claims.

**Article 7**
**MEANS OF IMPLEMENTATION**

7.1 Transfer.  The Confirmation Order shall authorize a transfer of all of the Debtor's assets under sections 365, 1123(a)(5), 1123(b)(4), 1129(b)(2)(A), 1141, 1145 and 1146(a) of the Bankruptcy Code free and clear of any Claims, Liens, Interests or encumbrances, including without limitation any Claim or Interest that may be asserted by any Governmental Unit to the Liquidating Debtor.  The Plan Agent shall then seek to either sell, liquidate, or convert the 1.2% IPI Percentage to cash, in such manner as is deemed appropriate by the Plan Agent.   The Plan Agent will institute collection procedures regarding the remaining PIA Deposit and reduce that asset to cash**.**

Upon the sale,  liquidation,  or conversion of the 1.2% IPI Percentage  and liquidation or resolution of the PIA Deposit and remaining assets, all creditors, and Equity Interest Holders of the Debtor, including without limitation all Governmental Units, shall be permanently and forever barred, restrained and enjoined from asserting any Claims or enforcing remedies against the successful purchaser under any theory of successor liability, *de facto* merger or substantial continuity.  All assets shall be transferred "as is, where is" with no representation or warranty of any kind.

7.2    Vesting of Property of the Estate in the Liquidating Debtor.  On the Effective Date, all remaining property of the Debtor and of the Estate including all rights to object to Claims, all avoidance actions, causes of action, alter-ego rights, derivative claims, breach of fiduciary duty claims, veil piercing rights, the right to pursue such claims and all other remaining property of the estate as defined in § 541 of the Bankruptcy Code, shall vest in the Liquidating Debtor, free and clear of liens, claims and encumbrances, except as otherwise provided in the Second  Amended Plan.  The Plan Agent shall be the sole officer, director and shareholder of the Liquidating Debtor.  On the Effective Date, the Liquidating Debtor is deemed to have satisfied all liabilities for purposes of dissolution under applicable state law.  The Plan Agent is authorized to execute and file all documents necessary to effectuate the dissolution of the Liquidating Debtor once the Plan Agent determines that all Estate property has been administered in accordance with the Second  Amended Plan, including the abandonment of any burdensome property.

7.3    Continued Corporate Operations.  From and after the Effective Date of the Second  Amended Plan, the Liquidating Debtor is authorized to (i) take such action as is necessary to complete an orderly wind-down of its operations; (ii) file claim objections; (iii) make distributions; (iv) prosecute causes of action owned by the Estate, including all claims and causes of action arising under the Bankruptcy Code; (v) pursue, liquidate and administer Estate

property; (vi) file tax returns and respond to any audits; and (vii) take such other action as provided for under the Second Amended Plan.

7.4    Continued Corporate Existence.    From and after the Effective Date, the Liquidating Debtor shall continue to exist in accordance with the applicable laws of its state of incorporation/organization.

7.5    General Powers of the Plan Agent.  Subject to any express limitations, the Second Amended Plan Agent, on behalf of the Liquidating Debtor, shall have all of the rights, powers and privileges set forth in the Second Amended Plan and the Confirmation Order.  The Plan Agent is authorized and shall have the obligation to take all such actions as in his/her judgment are necessary and appropriate to effectuate the purposes of the Second Amended Plan, including but not limited to the following:

7.5.1.    Make all Distributions contemplated under the Second Amended Plan;

7.5.2.    Consistent with maintaining the value and liquidating the residual assets of the Liquidating Debtor, invest in time or demand deposits, including certificates of deposit issued by any bank approved as a depository institution  by the United States Trustee's office, United States Treasury bonds    and    other securities guaranteed by the full faith and credit of the    United    States    of America or any agency thereof;

7.5.3    Supervise and administer the resolution, settlement and payment of Claims and Interests and the distributions to the holders of Allowed Claims and Allowed Interests in accordance with the Second Amended Plan;

7.5.4    Enter into any agreement on behalf of the Liquidating Debtor required by or consistent with the Second Amended Plan and perform all of the obligations required of the Plan Agent under the Second Amended Plan;

7.5.5.    Abandon subject to the approval of the Bankruptcy Court any of the assets of the Liquidating Debtor if the Plan Agent, concludes that such assets are of no benefit to the Creditors or Interest Holders;

7.5.6.    Participate in or initiate any proceeding before the Bankruptcy Court or any other court of appropriate jurisdiction and participate as a party or otherwise in any administrative, arbitrative, or other non-judicial proceeding and litigate claims on behalf of the Liquidating Debtor, including without limitation all state and federal causes of action or any other litigation which constitute an asset of the Liquidating Debtor and pursue to settlement or judgment;

7.5.7.    Participate as a party-in-interest in any proceeding before the United States Bankruptcy Court involving the Chapter 11 Case;

7.5.8.        Act in the name of or in the place of the Liquidating Debtor in any action before the United States Bankruptcy Court or any other judicial or administrative body;

7.5.9.        Take actions and exercise remedies against any entity that owes money to the Liquidating Debtor, including without limitation, the remedies available under any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document; make compromises regarding any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document; and, declare or waive defaults regarding any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document;

7.5.10        Subject to the limitations provided under Section 7.7, select and employ such professionals, agents or employees as the Plan Agent deems necessary to assist in the administration of the affairs of the Liquidating Debtor and compensate such persons;

7.5.11.        Hold any unclaimed distribution or payment to the holder of an Allowed Claim in accordance with this Second Amended Plan;

7.5.12.        Propose any amendment, modification or supplement to this Second Amended Plan or the Liquidating Debtor's governance documents;

7.5.13.        File dissolution/termination documents with the appropriate governmental agencies to dissolve the Liquidating Debtor once all Distributions have been made pursuant to the Second Amended Plan;

7.5.14.        Receive, conserve and manage the assets of the Liquidating Debtor and sell or otherwise dispose of such assets for a price and upon such terms and conditions as the Plan Agent, in consultation with the Post-Confirmation Committee, deems most beneficial to the Creditors and Interest Holders and execute such deeds, bills of sale, assignments and other instruments in connection therewith;

7.5.15**.**        Open and maintain bank accounts on behalf of or in the name of the Liquidating Debtor;

7.5.16.        Pay all taxes, make all tax withholdings and file tax returns and tax information returns and make tax elections by and on behalf of the Liquidating Debtor;

7.5.17        Pay all lawful expenses, debts, charges and liabilities of the Liquidating Debtor;

7.5.18.      Enforce all provisions of this Second Amended Plan;

7.5.19.      Protect, perfect and defend the title to any of the assets of the Liquidating Debtor and enforce any bonds, mortgages or other obligations or liens owned by the Liquidating Debtor;

7.5.20.      Carry insurance coverage, including insurance to protect the Liquidating Debtor, the Plan Agent against claims brought against the Liquidating Debtor, the Plan Agent acting within their capacities with the Liquidating Debtor, in such amounts, and to the extent necessary, as they deem advisable;

7.5.21.      Establish such reserves for taxes, assessments and other expenses of administration of the Liquidating Debtor (including without limitation the Disputed Claims Reserve) as may be necessary and appropriate for the proper operation of matters incident to the affairs of the Liquidating Debtor; and

7.5.22.      Exercise such other powers and duties as are necessary or appropriate in the Plan Agent's discretion to accomplish the purposes of the Second Amended Plan.

**7.6    Obligations of the Plan Agent.**

Notwithstanding anything in the Second Amended Plan to the contrary, the Plan Agent shall have the following duties:

7.6.1.  Subject to the provisions of Section 8.1 and 8.2 of the Second Amended Plan, the Plan Agent shall be responsible for all material issues affecting the Liquidating Debtor, including the (i) timing and amount of Distributions; (ii) resolution of Claims objections on the part of the Debtor, (iii) the pursuit of Causes of Action, and (iv) the sale and other disposition of assets.

7.6.2.  The Plan Agent shall be solely responsible regarding the retention of, and fee arrangements with professionals representing the Plan Agent and/or Liquidating Debtor.

7.6.3  The Plan Agent shall cause to be prepared a quarterly report illustrating (i) receipts and disbursements during the prior quarter, (ii) a schedule of all asset dispositions, (iii) a schedule of Distributions made, and (iv) a summary listing of the status of the resolution of objections to Claims and Causes of Action. Such quarterly report shall be distributed to any Claimant requesting notice within fifteen (15) business days after the end of the relevant report preparation period.

7.6.4  The Plan Agent shall maintain records relating to the Liquidating Debtor's assets, the management thereof and all transactions undertaken by the Plan Agent on behalf of the Liquidating Debtor. The Plan Agent shall also maintain records and books of account relating to all Distributions contemplated under the Second Amended Plan.

**7.7     Limitations on the Powers of the Plan Agent.**

7.7.1   Notwithstanding anything in this Second  Amended Plan to the contrary, and only with a Bankruptcy Court Order entered after notice and opportunity for hearing_may the Plan Agent modify or amend this Second  Amended Plan in accordance with § 1127 of the Bankruptcy Code.

**7.8     Resignation/Removal of the Plan Agent.**

The Plan Agent may resign at any time by filing a written notice of resignation with the Bankruptcy Court.  Any such resignation shall become effective on the earlier to occur of (i) sixty (60) days after the filing date of such notice; or (ii) the appointment of a successor Plan Agent.   All fees and expenses incurred by the Plan Agent in pursuit of the removal or continuation of the Plan Agent shall be paid by the Liquidating Debtor.

**7.9     Appointment of Successor Plan Agent**.

In the event of the death, resignation or removal of the Plan Agent, the Court shall designate a successor Plan Agent.  Any successor Plan Agent appointed hereunder shall execute and file a statement accepting such appointment and agreeing to be bound by the terms of the Second  Amended Plan and upon such filing, the successor Plan Agent shall immediately become vested with all the rights, powers, trusts and duties of the Plan Agent.

**7.10    Compensation Procedures.**

The Plan Agent, the Liquidating Debtor,  and all professionals employed by them shall be entitled to payment of their fees and reimbursement of all reasonable expenses on a monthly basis, provided, however, subject to the approval of the Bankruptcy Court.  If an objection to proposed compensation is filed as set forth above, the Bankruptcy Court shall determine whether the disputed fees and/or expenses will be authorized to be paid.

**ARTICLE 8**
**CLAIM/INTEREST OBJECTION PROCEDURES, TREATMENT OF**
**DISPUTED CLAIMS/INTERESTS AND PROCEDURE FOR ASSERTING CLAIMS**

8.1     Objection Process.  Subject to the limitations provided under Article 7, any party in interest shall have the right to object to the allowance of any Claims or Interests provided for under the Second  Amended Plan.  The Plan Agent may object to all claims, whether scheduled or not.  The scheduling of a claim or interest as undisputed, non-contingent and/or liquidated shall have no preclusive effect on the Plan Agent.  All objections shall be litigated to Final Order; provided, however, that the Plan Agent shall have the authority to compromise, settle or otherwise resolve all objections, for any Claim filed in the amount of $25,000 or less without

approval of the Bankruptcy Court.   Unless otherwise ordered by the Bankruptcy Court, any party in interest shall file and serve all objections to Claims and Equity Interests no later than (i) 120 days after the later of (a) the Effective Date; or (b) the date on which a proof of claim, proof of interest or request for payment is filed with the Bankruptcy Court; or, (ii) such other date as may be approved by the Bankruptcy Court after notice and hearing.

8.2     Filing of Claims and Causes of Action.  Subject to the limitations provided under Article 7, the Plan Agent shall have the exclusive right to file and prosecute any Claims and Causes of Action on behalf of the Liquidating Debtor, including all derivative Causes of Action. The Plan Agent shall have the authority to compromise, settle or otherwise resolve all Claims and Causes of Action filed or asserted in the amount of $25,000 or less without approval of the Bankruptcy Court.

8.3     Disputed Claims Reserve. A Disputed Claims Reserve shall be established by the Plan Agent for the treatment of Disputed Claims.  The Plan Agent shall deposit into a Disputed Claims Reserve an amount equal to the Pro Rata share of the Distribution allocable to such Disputed Claims, in accordance with the distribution scheme contemplated in the Second Amended Plan, as if such Claims and/or Equity Interests were Allowed Claims or Equity Interests.  Amounts deposited into the Disputed Claims Reserve shall be held in trust for the benefit of the holders of Disputed Claims pending a determination of their entitlement thereto under the terms of the Plan.   Once such Disputed Claim is determined by Final Order or settlement to be an Allowed Claim, the Plan Agent is authorized to pay the Allowed Amount of such Claim without further approval from or notice to any person or entity.

8.4     Distributions to Holders of Disputed Claims.  Within 10 Business Days after such time as a Disputed Claim becomes an Allowed Claim, but in no event earlier than the Initial Distribution Date, any Distributions reserved for such Allowed Claim shall be released from the Disputed Claims Reserve and delivered to the holder of such Allowed Claim in an amount proportionate to the Allowed Amount of any such Claim.  In the event that the Disputed Claim is disallowed in whole or in part, or otherwise settled in amount less than the Disputed Claim amount, the disallowed or reduced portion of such Claim shall be distributed from the Disputed Claim Reserve to holders of Allowed Claims as Available Cash on the next Interim Distribution Date in accordance with the Plan without further approval from or notice to any person or entity.

8.5     Disallowance of Late Filed Proofs of Claim.  Except as otherwise provided in the Plan, any proof of claim filed by the holder of a Claim after the Bar Date is hereby disallowed without further notice.

8.6     Provisions Governing Distributions.

8.6.1     Record Date for Claims and Equity Interests.   The record date for Distributions to Allowed Claims and Allowed Interests under this Plan shall be the date the Bankruptcy Court enters its order approving the Second  Amended Disclosure Statement.  For purposes of Distributions to holders of Allowed Claims, the Plan Agent will rely on the claims docket maintained by the Clerk for proofs of claim filed in the Chapter 11 Case except to the extent a notice of transfer of Claim or Interest has been

filed with the Court prior to the record date pursuant to Bankruptcy Rule 3001. For purposes of Distributions on account of Equity Interests, the Plan Agent will rely on the relevant stock transfer ledger(s).

8.6.2   <u>Delivery of Distributions to Holders of Allowed Claims</u>.   Subject to Bankruptcy Rule 9010, Distributions to holders of Allowed Claims will be made at the address of each such holder as set forth on the proofs of claim filed by such holders, or at the last known address of such holder if no proof of claim is filed, unless the holder of the Allowed Claim has otherwise notified the Plan Agent in writing of a change of address. If any holder's Distribution is returned as undeliverable, it will be treated in accordance with Article 8.6.4 herein. The Plan Agent may, but shall not be required to make any Distribution of less than $25.00.

8.6.3   <u>Delivery of Distributions to Holders of Allowed Equity Interests</u>. Distributions to holders of Allowed Equity Interests, to the extent they are entitled to distributions under the Second  Amended Plan, will be made at the address of the registered holder of each such Equity Interest as set forth in the relevant stock transfer ledger(s). If any holder's distribution is returned as undeliverable, it will be treated in accordance with Article 8.6.4 herein. The Plan Agent may, but shall not be required to make any Distribution of less than $25.00.

8.6.4   <u>Unclaimed Distributions</u>.   The Plan Agent shall file a Notice of Distribution within 10 Business Days of the date on which Distributions are made under the Second  Amended Plan. All claims for undeliverable Distributions must be made no later than the 60th day following the date that the Notice of Distribution is filed. After such date, all unclaimed Distributions will revert to the Liquidating Debtor for distribution in accordance with this Plan and the remaining Claim or Equity Interest of any holder with respect to such Distribution will be discharged and forever barred.

8.6.5   <u>Uncashed Checks</u>.   Checks issued in respect of Allowed Claims and/or Equity Interests will be null and void if not negotiated within ninety (90) days after the date of issuance thereof. Distributions with respect to such un-negotiated checks will revert to the Liquidating Debtor for distribution in accordance with this Second Amended Plan and the remaining Claim or Equity Interest of any holder with respect to such Distribution will be discharged and forever barred.

## Article 9
## <u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>

9.1   <u>Rejection of Executory Contracts and Unexpired Leases</u>.   All executory contracts and unexpired leases that are not assumed under this Plan are rejected, unless otherwise dealt with by the Plan or the Confirmation Order, or any other Order of the Court entered prior to the Effective Date, or which is the subject of a motion to assume pending on the Effective Date.

9.2     <u>Assumed Executory Contracts and Unexpired Leases</u>.  Each executory contract and unexpired lease that is assumed will include (a) all amendments, modifications, supplements, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affect such executory contract or unexpired lease; and (b) with respect to any executory contract or unexpired lease that relates to the use, ability to acquire, or occupancy of real property, all executory contracts or unexpired leases and other rights appurtenant to the property, including all easements, licenses, permits, rights, privileges, immunities, options, rights of Second   refusal, powers, uses, usufructs, reciprocal easement agreements, vaults, tunnel or bridge agreements or franchises, and any other equity interests in real estate or rights *in rem* related to such premises, unless any of the foregoing agreements have been rejected pursuant to an order of the Bankruptcy Court or are the subject of a motion to reject filed on or before the Confirmation Date.  Amendments, modifications, supplements, and restatements to prepetition executory contracts and unexpired leases that have been executed by the Debtor during its Chapter 11 Case shall not be deemed to alter the prepetition nature of the executory contract or unexpired lease, or the validity, priority, or amount of any Claims that may arise in connection therewith.

9.3     <u>Legal Services Contingency Contract.</u> On or about November 15, 2011, HTR retained the services of Richard A. Battaglia, P.C. and the law firm of Dow, Golub, Remels & Beverly, P.C. on a structured contingency basis starting at 35% recovery to prosecute and defend HTR's rights. A true and correct copy of the Engagement Agreement is attached to Exhibit 2 of the Disclosure Statement. The Debtor seeks to reaffirm the November 15, 2011 Engagement Agreement.

9.4     <u>Claims Based on Rejection of Executory Contracts or Unexpired Leases</u>. Damages arising from the rejection of an executory contract or unexpired lease to which the Debtor is or was a party shall be a General Unsecured Claim against the Debtor unless subordinated under applicable law.  Any Claim for damages arising from the rejection of an executory contract or unexpired lease must be asserted in a proof of claim filed with the Bankruptcy Court no later than 20 days following the earlier of: (a) the date of entry of an order of the Bankruptcy Court approving such rejection, or (b) the Effective Date of the First Amended Plan.  Any Claims not filed within such times shall be forever barred from assertion against the Debtor, the Liquidating Debtor or the Plan Agent.  The Plan Agent shall mail a notice to all known affected parties and shall publish a notice in the HOUSTON CHRONICLE of (i) the Debtor's rejection of executory contracts and unexpired leases and (i) the deadline for asserting claims for damages arising from the rejection of such executory contracts and unexpired leases.

9.5     <u>Reservation of Rights</u>.  Nothing contained in the Second  Amended Plan shall constitute an admission by the Debtor that any such contract or lease is in fact an executory contract or unexpired lease or that any Debtor has any liability thereunder.  If there is a dispute regarding whether a contract or lease is or was executory or unexpired at the time of assumption or rejection, the Plan Agent shall have thirty (30) days following entry of a Final Order resolving such dispute to alter their treatment of such contract or lease.

## Article 10
## EFFECT OF REJECTION BY
## ONE OR MORE CLASSES OF CLAIMS

10.1    Impaired Classes to Vote.  Each impaired class of Claims and Interests shall be entitled to vote separately to accept or reject the Second  Amended Plan.  A holder of a Disputed Claim which has not been temporarily allowed for purposes of voting on the Second  Amended Plan may vote only such Disputed Claim in an amount equal to the portion, if any, of such Claim or Equity Interest shown as fixed, liquidated and undisputed in the Debtors' Schedules and is not the subject of a subsequently filed objection as to such fixed, liquidated, undisputed amount.

10.2    Acceptance by Class.  A class shall have accepted the Second  Amended Plan if the Second  Amended Plan is accepted by at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Allowed Claims or Equity Interests of such class that have voted to accept or reject the Second  Amended Plan.

10.3    Reservation of Cramdown Rights.  In the event that any impaired class shall fail to accept this Second  Amended Plan in accordance with § 1129(a) of the Bankruptcy Code, the Debtor reserves the right to request the Bankruptcy Court to confirm the Plan in accordance with the provisions of § 1129(b) of the Bankruptcy Code.

## Article 11
## EFFECT OF CONFIRMATION

11.1    Legally Binding Effect.  The provisions of this Second  Amended Plan shall bind all Creditors and Interest Holders, whether or not they accept this Second  Amended Plan.  On and after the Effective Date, all holders of Claims shall be precluded and enjoined from (i) asserting any Claim against the Debtor, the Liquidating Debtor or their assets or properties based on any transaction or other activity of any kind that occurred prior to the Confirmation Date except as permitted under the Second  Amended Plan; (ii) asserting any derivative claims, including claims against third parties asserting alter ego claims, fraudulent transfer claims or any other type of successor liability; and (iii) otherwise interfering with the Plan Agent/Liquidating Debtor's administration of assets and claims under the Second  Amended Plan.  The entry of the Confirmation Order will operate as a general resolution with prejudice, as of the Effective Date, of all Claims and Interests dealt with under the Second  Amended Plan and all pending legal proceedings, if any, against the Debtor and its assets and properties and any proceedings not yet instituted against the Debtor or its assets and properties, except as otherwise provided in the Second  Amended Plan, concerning Claims and Interests dealt with under the Second  Amended Plan.  Unless otherwise provided in the Second  Amended Plan or by order of the Bankruptcy Court, all injunctions or automatic stays provided for in these cases pursuant to § 105, if any, or § 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date will remain in full force and effect until the Effective Date.

11.2    Limited Protection of Certain Parties in Interest.   Except as specifically limited herein, the Debtor and the Estate shall release under the Second  Amended Plan (a) the Plan Agent, the Liquidating Debtor and all of their employees, officers, directors, agents,

representatives, affiliates, attorneys, financial advisors, and any other professional persons employed by the Plan Agent and the Liquidating Debtor, (b) each Professional for the Debtor and any of its employees, officers, directors, agents, representatives, affiliates, attorneys, financial advisors, and any other professional persons employed by any of them, (c) and any other professional persons employed by them (the persons identified in (a), (b), and (c) are collectively referred to as "Protected Persons," and, notwithstanding anything to the contrary herein, any and all claims and causes of action against Protected Persons, or any of their employees, officers, directors, agents, representatives, affiliates, attorneys, financial advisors, or any other professional persons employed by any them, for gross negligence or willful misconduct shall be fully preserved.

11.3    <u>Indemnification</u>.  The Liquidating Debtor shall indemnify each Person identified as a Protected Person against any and all costs and expenses (including attorneys' fees) incurred by any of them in defending against post-Confirmation Date claims released pursuant to Article 11.2 of the Second Amended Plan; provided, however, that no Protected Person shall be entitled to indemnification under this Plan for the costs and expenses of defending a cause of action in which it is ultimately judicially determined that such Protected Person was grossly negligent or acted fraudulently or with willful misconduct in performing such Protected Person's duties hereunder or under any Final Order of the Bankruptcy Court or applicable law, or *ultra vires* activity.  Any Protected Person entitled to indemnification under this section shall have a priority distribution right that is senior to the holders of Allowed General Unsecured Claims against the Liquidating Debtor.  The Plan Agent may, in his sole discretion, use the Liquidating Debtor's assets (as an expense of consummating this Second Amended Plan) to purchase indemnification insurance to satisfy any potential indemnification claims that may arise under this section.

11.4    <u>Preservation of Claims and Rights</u>.  Confirmation of this Second Amended Plan effects no settlement, compromise, waiver or release of any Claim, Cause of Action, Right of Action or claim for relief unless this Second Amended Plan or the Confirmation Order specifically and unambiguously so provides.  The non-disclosure or non-discussion of any particular Claim, Cause of Action, Right of Action or claim for relief is not and shall not be construed as a settlement, compromise, waiver, or release of any such Claim, Cause of Action, Right of Action or claim for relief.

**The Debtor, the Liquidating Debtor and the Plan Agent reserve any and all claims and rights against any and all third parties, whether such claims and rights arose before, on or after the Petition Date, the Confirmation Date, the Effective Date, the Record Date and/or any Distribution date, including, without limitation, any and all Causes of Action, Rights of Action and/or claims for relief that the Debtor, the Liquidating Debtor or the Plan Agent may have against (i) any insurer and/or insurance policies in which either the Debtor and/or their current or former personnel have an insurable or other interest in or right to make a claim against, any other of the Debtor's insurers; (ii) any recipient of a transfer identified in the Debtor's statements of financial affairs, including any amendments thereto, filed in this Chapter 11 Case; and (iii) the Non-Released Parties for claims of breach of fiduciary duty, fraudulent transfer, preferential transfer, unauthorized post-petition transfer under 11 U.S.C. § 549, turnover under 11 U.S.C. §§ 542 and 543, subordination, re-characterization of debt to equity, malpractice, constructive trust, disgorgement, counter-claims, claims to determine the extent and validity of liens under 11**

U.S.C. § 506 and any other claims that the Estate may have against such Non-Released Parties.  The entry of the Confirmation Order shall not constitute *res judicata* or otherwise bar, estop or inhibit any actions by the Debtor, the Liquidating Debtor or the Plan Agent relating to any claims, Causes of Action or Rights of Action referred to in this Article 11.6, or otherwise.  Except as specifically set forth herein, the Plan Agent shall constitute the representative of the Estate for purposes of retaining, asserting and/or enforcing Rights of Action under § 1123(b)(3)(B) of the Bankruptcy Code.  On the Effective Date, the Plan Agent shall be substituted as a party of record in all pending litigation brought by or against the Debtor without need for further order of the Bankruptcy Court.

### Article 12
### RETENTION OF JURISDICTION

12.1   Exclusive Bankruptcy Court Jurisdiction.   The Court shall retain and have exclusive jurisdiction over the Chapter 11 Case to the maximum extent provided by law for the follow purposes following the Confirmation Date:

12.1.1  To determine any and all objections to the allowance and classification of Claims or Interests;

12.1.2  To determine the validity and priority of any Lien;

12.1.3  To determine the Allowed Amount of any Claim, whether secured or unsecured;

12.1.4  To allow any and all applications for allowances of compensation and reimbursement of expenses payable from the estate;

12.1.5  To determine any and all applications or motions pending before the Court on the Effective Date of the Second  Amended Plan, including without limitation any motions for the rejection, assumption or assumption and assignment of any executory contract or unexpired lease.

12.1.6  To consider and approve any modification of this Second  Amended Plan, remedy any defect or omission or reconcile any inconsistency in the Second  Amended Plan, or any order of the Court, including the Confirmation Order;

12.1.7  To hear and determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of this Second Amended Plan, the Confirmation Order, any transactions or payments contemplated hereby or any agreement, instrument or other document governing or related to any of the foregoing;

12.1.8  To consider and act on the compromise and settlement of any claim or cause of action by or against the Debtor;

12.1.9 To issue orders in aid of execution and implementation of this Second Amended Plan and the Confirmation Order, to the extent authorized by 11 U.S.C. § 1142 or provided by the terms of this Second Amended Plan; and

12.1.10 To hear and determine matters concerning federal, state or local taxes in accordance with §§ 346, 505 or 1146 of the Bankruptcy Code

12.2    <u>Limitation on Jurisdiction</u>.   In no event shall the provisions of this Second Amended Plan be deemed to confer in the Bankruptcy Court jurisdiction greater than that established by the provisions of 28 U.S.C. §§ 157 and 1334.

### Article 13
### <u>CONDITIONS TO CONFIRMATION OF SECOND AMENDED PLAN</u>

13.1    <u>Conditions Precedent to Effective Date</u>.   The following are conditions precedent to the occurrence of the Effective Date:

13.1.1 The Confirmation Order, in a form and in substance reasonably satisfactory to the Debtor shall have been entered by the Bankruptcy Court;

13.1.2 The form of all documents necessary or appropriate to give effect to the transactions contemplated under the Second Amended Plan, if any, have been approved and executed;

13.1.3 All documents and agreements necessary to implement the Second Amended Plan shall have (a) all conditions precedent to such documents and agreements satisfied or waived pursuant to the terms of such documents or agreements, (b) been tendered for delivery and (c) been effected or executed;

13.1.4 All required consents, approvals, and authorizations, if any, have been obtained;

13.1.5 There shall be no stay of the Confirmation Order in effect;

13.1.6 The Plan Agent shall have determined, in consultation that the Liquidating Debtor is holding good and available funds for payment of Claims under the Second Amended Plan; and

13.1.7 All other actions, documents and agreements necessary to implement the Second Amended Plan shall have been effected or executed.

13.2    <u>Annulment of Second Amended Plan if Conditions Not Waived or Satisfied</u>. The Debtor reserves the right to waive any of the conditions precedent to the Effective Date.   If any of the conditions precedent are not waived, and are not satisfied within six months of the Confirmation Date or can no longer occur, the Debtor shall convert the Chapter 11 Case to chapter 7 and any proceeds shall be administered by a chapter 7 trustee.

## Article 14
## NOTICE PROVISIONS

14.1     Notices.     All notices, requests, elections or demands in connection with this Second  Amended Plan, including any change of address of any Creditor or Interest Holder for the purposes of receiving Distributions under this Second  Amended Plan and to avoid forfeiting the same pursuant to Article 8 of this Second  Amended Plan, shall be in writing and shall be delivered personally, by facsimile, overnight courier or first class mail.  Such notice shall be deemed to have been given when received or, if mailed by first class mail, 5 Business Days after the date of mailing, or if by overnight courier, the next Business Day following the date of mailing.  Notices required to be sent to the following parties under this Second  Amended Plan shall be addressed to:

*To the Plan Agent:*

Heather René Potts
THE KIM LAW FIRM
4309 Yoakum
SUITE 2000
Houston, TX 77006
Telephone: (713) 522-1177;  x-326
Facsimile: (888) 809-6793
heather@thekimlawfirm.com


*To the Debtor/Liquidating Debtor:*

FUQUA & ASSOCIATES, PC
Richard L. Fuqua
5005 Riverway, Suite 250
Houston, Texas 77056
(713) 960-0277
(713) 960-1064 (facsimile)
rlfuqua@fuqualegal.com

14.2     Limitation on Notice.  The Debtor/Plan Agent shall give the following notice with regard to the following matters, which notice shall be deemed to be good and sufficient notice of such matters with no requirement for any additional or further notice:

14.2.1 Notice of Entry of the Effective Date.  Notice of the Effective Date shall be sufficient if mailed to all known holders of Claims and Equity Interests (which have not become Disallowed as of the date of mailing).  Such notice shall be mailed within 5 Business Days of the Effective Date.  In addition, notice of the Effective Date shall be published in the HOUSTON CHRONICLE, which such publication shall constitute constructive notice of the Effective Date.

14.2.2  <u>Post Effective Date Service</u>.  From and after the date the Effective Date, notices of appearances and demands for service of process filed with the Court prior to such date shall no longer be effective.  No further notices (other than notice of entry of the Effective Date) shall be required to be sent to any entities or Persons, except those Persons specified in Article 14.1 of this Second  Amended Plan, the Office of the U.S. Trustee and any Creditor or Interest Holder who files a renewed request for service of pleadings and whose Claim has not been fully satisfied.

14.3    <u>General Notice To Creditors</u>.  All notices and requests to Creditors or Interest Holders of any Class shall be sent to them at the addresses set forth on the proofs of claim or, if no proof of claim was filed, to their last known address as reflected in the Debtor's records.  Any Creditor or Interest Holder may designate in writing any other address for purposes of this Article, which designation shall be effective upon receipt by the Plan Agent.

## Article 15
## COMPROMISES AND SETTLEMENTS

15.1    <u>Effect of Confirmation Order</u>.  Pursuant to Bankruptcy Rule 9019 and applicable provisions of the Bankruptcy Code, and in consideration for the classification, distribution and other benefits provided under the Second  Amended Plan, the provisions of the Second Amended Plan shall constitute a good faith compromise and settlement of all Claims, Interests and controversies resolved pursuant to the Second  Amended Plan, including, without limitation, all Claims arising prior to the Effective Date, whether known or unknown, foreseen or unforeseen, asserted or unasserted, arising out of, relating to or in connection with the business or affairs of, or transactions with, the Debtor.   The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of each of the foregoing compromises or settlements, and all other compromises and settlements provided for in the Second  Amended Plan, and the Bankruptcy Court's findings shall constitute its determination that such compromises and settlements are in the best interests of the Debtor, the Estate, Creditors and other parties in interest, and are fair, equitable and within the range of reasonableness.

## Article 16
## MISCELLANEOUS PROVISIONS

16.1    <u>Bar Date for Administrative Claims</u>.  No Administrative Claim, other than Professional Fees, United States Trustee fees will be paid unless the holder of such Administrative Claim has filed an application for payment of such Administrative Claim on or before the Administrative Claim Bar Date.  Upon the filing of any application for payment, the entity seeking payment of an Administrative Claim shall provide notice by United States Mail in accordance with the Bankruptcy Rules.  Any Administrative Claim, other than Professional Fees, United States Trustee fees not filed in accordance with this section shall be barred and the

Debtor, the Liquidating Debtor and the Plan Agent shall have no liability for payment of any such Administrative Claim.

16.2    Objections to Administrative Claims    Objections to Applications for payment of Administrative Claims may be filed by any party in interest.  In order to be considered, such objections must be filed on or before the 21st day following the date on which the application was filed.  Any objections will be determined by the Bankruptcy Court.

16.3    Payment of Professional Fees.  Each holder of a Professional Fee Claim shall be paid in respect of such Professional Fee Claim in Cash, in full, on the Effective Date, or, if such Claim has not been approved by the Bankruptcy Court on or before the Effective Date, promptly after Bankruptcy Court approval of the Professional Fee Claim by a Final Order.  Final fee applications for any Professional Fee Claim that has not been approved as of the Effective Date shall be filed within 45 days of the Effective Date and such applications and objections thereto (if any) shall be filed in accordance with and comply in all respects with the Bankruptcy Code, the Bankruptcy Rules, and applicable local rules. The failure to file an application by the foregoing deadline shall constitute a waiver of all such Professional Fee Claim.

16.4    Payment of United States Trustee Fees. Within 30 days of the date that such payments are due, the Debtor or the Liquidating Debtor shall pay all amounts owing to the United States Trustee as fees and costs imposed in connection with this Chapter 11 Case.

16.5    Directive to State Agencies    At such time as any of the Liquidating Debtor files articles of dissolution, all governmental agencies are directed to accept such articles and recognize the dissolution of the Liquidating Debtor regardless of whether all Claims, including taxes have been paid in full.

16.6    Satisfaction of Liabilities.  The rights afforded in the Second  Amended Plan and the treatment of all Claims and Interests herein shall be in exchange for and in complete satisfaction and release of all Claims and Interests of any nature whatsoever against the Debtor and/or the Estate, as well as assets, properties, and interests in property of the Debtor and/or the Estate.  The Liquidating Debtor shall not be responsible for any pre-Effective Date obligations of the Debtor except those expressly assumed by the Liquidating Debtor.

16.7    Warranty of Transfers from Liquidating Debtor.  **All property, whether real or personal, to be transferred by the Plan Agent on behalf of the Liquidating Debtor to any person or entity under this Second  Amended Plan, is transferred "as is, where is," with no representation or warranty of any kind except that all transfers shall be transferred free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363(f) and 11 U.S.C. § 1123(a)(5)**.

16.8    Compliance with Tax Requirements.  In connection with each distribution with respect to which the filing of an information return (such as an Internal Revenue Service Form 1099 or 1042) or withholding is required, the Plan Agent shall file such information return with the Internal Revenue Service and provide any required statements in connection therewith to the recipients of such distribution or effect any such withholding and deposit all moneys so withheld

as required by law.  With respect to any Person from whom a tax identification number, certified tax identification number or other tax information required by law to avoid withholding has not been received by the Plan Agent within thirty (30) days from the date of such request, the Plan Agent may, at his option, withhold the amount required and distribute the balance to such Person or decline to make such distribution until the information is received.

16.9    Amendment of the Second  Amended Plan.  This Second  Amended Plan may be amended or modified by the Debtor before, or by the Plan Agent after the Effective Date, as provided in § 1127 of the Bankruptcy Code.

16.10    Timing of Distributions.  Unless otherwise specified herein, all payments and Distributions shall be made on a Distribution Date determined by the Plan Agent. When a provision of this Second  Amended Plan requires that a payment shall be made on a certain date, such payment may be made (i) at any time prior to the date on which such payment is due; (ii) in more frequent intervals than set forth in such provision of the Second  Amended Plan; or (iii) not more than 14 days after the date any such payment is due.  Notwithstanding the foregoing, no payment shall be considered late or otherwise result in a default unless the Plan Agent has failed to make the payment after the passage of 30 days following the receipt by the Plan Agent of a written notice advising that a payment has not been received in accordance with the times set forth in this paragraph.

16.11    Enforcement of Subordination Agreements/Settlement Agreements.  Any written (i) subordination agreement between holders of Allowed Claims; and (ii) settlements approved by the Bankruptcy Court during this Chapter 11 Case will be honored according to their terms for the purposes of distribution under this Second  Amended Plan.

16.12    Filing of Documents in Public Records.  Pursuant to § 1146 of the Bankruptcy Code, the issuance, transfer or exchange of a security or the making of an instrument of transfer under this Plan (including without limitation the filing of any mortgage, deed of trust, security agreement, uniform commercial code financing statement or other similar document) shall not be taxed under any law imposing a stamp tax or similar tax.  All state or local governmental officials or agents are hereby directed to forego the collection of any such tax or governmental assessment and to accept for Filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

16.13    Right to Seek Further Orders.  The Plan Agent, if and to the extent necessary, will seek such orders, judgments, injunctions, regulatory approvals, and rulings that may be required to carry out and further the intentions and purposes, and give full effect to the provisions, of the Second  Amended Plan.

16.14    Regulatory Approvals.  As the Second  Amended Plan is not intended to modify or supplant any regulatory authority over the Debtor or the Liquidating Debtor, all regulatory approvals required in connection with the Second  Amended Plan will be sought and obtained.

16.15    Withdrawal of Second  Amended Plan.  The Debtor reserves the right to withdraw this Second  Amended Plan at any time prior to the Confirmation Date.

16.16   <u>Due Authorization by Creditors</u>.   Each and every Creditor who elects to participate in the Distributions provided for herein (i) warrants that it is authorized to accept in consideration of its Claim against the Debtor the Distributions provided for in this Second Amended Plan; (ii) states that there are no outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by it under this Second Amended Plan; and (iii) indemnifies and holds harmless the Liquidating Debtor, the Plan Agent and their professionals and representatives with respect to such Distributions.

16.17   <u>Filing of Additional Documentation</u>.   On or before the Effective Date, the Debtor may file with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Second Amended Plan.

16.18   <u>Implementation</u>.   The Debtor, the Liquidating Debtor and the Plan Agent shall be authorized to perform all reasonable, necessary and authorized acts to consummate the terms and conditions of the Second Amended Plan.

16.19   <u>Substantial Consummation</u>.   On the Effective Date, the Second Amended Plan shall be deemed to be substantially consummated under Bankruptcy Code §§ 1101 and 1127(b).

16.20   <u>Further Effect of Confirmation</u>.   Confirmation of this Second Amended Plan effects no settlement, compromise, waiver or release of any Claim or cause of action unless this Second Amended Plan or the Confirmation Order specifically so provides.   The non-disclosure or non-discussion of any particular Claim or cause of action is not and shall not be construed as a settlement, compromise, waiver, or release of any such Claim or cause of action.

16.21   <u>Dates</u>.   The provisions of Bankruptcy Rule 9006 shall govern the calculation of any dates or deadlines referenced in the Second Amended Plan.

16.22   <u>Governing Law</u>.   Except to the extent that the Bankruptcy Code or Bankruptcy Rules are applicable, the rights and obligations arising under the Second Amended Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Texas, without giving effect to any conflicts of law principles.

16.23   <u>Conflict</u>.   Except as otherwise provided in the Second Amended Plan, to the extent the Confirmation Order and/or this Second Amended Plan are inconsistent with the Disclosure Statement, any other agreement entered into between the Debtor and any third party, the Second Amended Plan controls the Disclosure Statement and any such agreements and the Confirmation Order (and any other orders of the Bankruptcy Court) controls the Second Amended Plan.

16.24   <u>Severability</u>.   The provisions of this Second Amended Plan shall not be severable unless such severance would constitute a permissible modification of this Second Amended Plan pursuant to § 1127 of the Bankruptcy Code.

16.25  <u>Setoffs</u>.  The Plan Agent may, but shall not be required to, set off against any Claims and the payments or Distributions to be made pursuant to the Second  Amended Plan in respect of such Claims, any and all debts, liabilities and claims of every type and nature whatsoever that the Estate or the Liquidating Debtor may have against the Holder of any Claim, but neither the failure to do so nor the Allowance of any such Claims, whether pursuant to the Second  Amended Plan or otherwise, shall constitute a waiver or release by the Plan Agent or the Liquidating Debtor of any such claims they may have against such Holder of any Claim, and all such claims shall be reserved for and retained by the Plan Agent.

16.26  <u>Further Action</u>.  Nothing contained in the Second  Amended Plan shall prevent the Liquidating Debtor or the Plan Agent from taking such actions as may be necessary to consummate the Second  Amended Plan, even though such actions may not specifically be provided for within the Second  Amended Plan.

**Date:  September 29, 2014.**

**HELIA TEC RESOURCES, INC.**

By: _/s/ Cary E. Hughes_
Name:  Cary E. Hughes
Title:    President and Sole Director