

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
06/18/2015

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 13-36251 |
| HELIA TEC RESOURCES, INC. § | CHAPTER 11 |
| § | |
| Debtor(s). § | DAVID R. JONES |

### ORDER CONFIRMING DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION AS MODIFIED IN OPEN COURT
(Docket No. 137)

Before the Court for consideration is confirmation of the Chapter 11 Second Amended Plan of Liquidation submitted by Helia Tec Resources, Inc. (the "Plan") [Docket No 137]. During the hearing, the Debtor announced several proposed amendments to the Plan in order to satisfy the objections raised by HSC Holdings Co. Based on the evidence, the stipulations of the parties and the arguments of counsel, it is

ORDERED THAT:

1. The Plan is modified and amended as follows:

    **Amendment #1**. Paragraph 7.5.14 is amended to read as follows:

    7.5.14. Receive, conserve and manage the assets of the Liquidating Debtor and sell subject to the approval of the Bankruptcy Court on appropriate motion to sell or otherwise dispose of such assets for a price and upon such terms and conditions as the Plan Agent, with the specific approval of the Bankruptcy Court, deems most beneficial to the Creditors and Interest Holders and execute such deeds, bills of sale, assignments and other instruments in connection therewith;

    **Amendment #2.** Paragraph 9.3 is amended to read as follows:

    9.3 <u>Legal Services Contingency Contract.</u> On or about November 15, 2011, HTR retained the services of Richard A. Battaglia, P.C. and the law firm of Dow, Golub, Remels & Beverly, P.C. on a structured contingency basis starting at 35% recovery to prosecute and defend HTR's rights. A true and correct copy of the Engagement Agreement is attached to Exhibit 2 of the Disclosure Statement. The November 15, 2011 Engagement Agreement is rejected. The Plan Agent shall have full and complete discretion on the selection of counsel to pursue any claim which is transferred under Paragraph 7.1 of the Plan.

2. The Court finds that the above amendments are nonmaterial and do not adversely affect any class of creditors.

3.       The transfer of the Debtor's assets under Paragraph 7.1 of the Plan is authorized.

4.       The Plan, as modified, herein is confirmed.

**SIGNED: June 18, 2015.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**